UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS



05 - 30041 - KPN

|   |   |
|---|---|
| DAVID A. SHRAIR and ANNE POLEP, Trustees of the Mortimer Polep Irrevocable Trust, Plaintiffs | ) ) ) ) ) ) |
| v. | ) ) |
| REASSURE AMERICA LIFE INSURANCE COMPANY, Defendant | ) ) ) ) ) |

CIVIL ACTION NO.

**FILING FEE PAID:**
**RECEIPT #** 305848
**AMOUNT $** 250.00
**BY DPTY CLK** MGh
**DATE** 2/8/05

## NOTICE OF REMOVAL FROM THE SUPERIOR COURT
## DEPARTMENT OF THE TRIAL COURT OF THE
## COMMONWEALTH OF MASSACHUSETTS IN AND FOR HAMPDEN COUNTY

Defendant Reassure America Life Insurance Company ("Defendant") files this Notice of

Removal in accordance with 28 U.S.C. §§1441 and 1446 and request that this action be removed

from the Hampden Superior Court of the Commonwealth of Massachusetts to the United States

District Court for the District of Massachusetts. As grounds for removal, Defendant states as

follows:

1.     That David A. Shrair and Anne Polep, Trustees of the Mortimer Polep Irrevocable

Trust ("Plaintiffs") commenced the above-entitled action in the Superior Court Department of

the Trial Court of the Commonwealth of Massachusetts in and for Hampden County against the

Defendant by filing in said Court on or about January 6, 2005, a Complaint, their initial pleading

setting forth the claims for relief on which their action is based (the "Pending Action"). Copies

of the Summons and Complaint were served on the Division of Insurance of the Commonwealth

of Massachusetts on or about January 19, 2005 and mailed to the Defendant by regular mail on

January 19, 2005. Defendant had no notice of the Pending Action prior to receiving the

Summons and Complaint from the Division of Insurance. Copies of said Summons and

Complaint are attached hereto and are marked EXHIBIT 1 and EXHIBIT 2 respectively, together

with a copy of the Civil Action Cover Sheet filed by the Plaintiffs with the Hampden Superior

Court, which has been marked EXHIBIT 3.

2.      As stated in the Civil Action Cover Sheet (EXHIBIT 3) filed in state court,

Plaintiffs seek to recover damages for Defendant's alleged breach of a life insurance policy in

the amount of $1,000,000.00 by unlawfully terminating the policy. In their Complaint, Plaintiffs

set forth eight separate counts asserting different theories of recovery, but all theories are based

on the same underlying claim as set forth above.

3.      This court has original jurisdiction of the claims alleged in the Complaint based

upon diversity of citizenship under 28 U.S.C. §1332. As alleged in paragraphs 1 and 2 of the

Complaint, Plaintiff trustees are, and were at the time of the commencement of this action,

natural persons residing in Hampden County, Massachusetts. As stated in paragraph 3 in the

Complaint and Answer, defendant Reassure America is, and was at the time of commencement

of this action, a foreign insurance company licensed to do business in the Commonwealth of

Massachusetts, with a principal place of business in Jacksonville, Illinois. Therefore, as a

foreign insurance company with its principal place of business outside of Massachusetts, the

Defendant is not a citizen of the Commonwealth of Massachusetts. Consequently, there is

complete diversity of citizenship between the Plaintiffs and the Defendant. Furthermore, as

stated in the Plaintiff's "Civil Action Cover Sheet" filed with the Hampden Superior Court

(EXHIBIT 3), Plaintiffs' contract damages only, disregarding any claims for double or treble

damages, are alleged to be in an amount in excess of $75,000.00, and therefore the jurisdictional amount in controversy mandated by 28 U.S.C. § 1332(a) is satisfied.

WHEREFORE, Defendant Reassure America Life Insurance Company removes this action to this Court from the Hampden County Superior Court of the Commonwealth of Massachusetts pursuant to Title 28, United States Code, §§ 1441 and 1446.

REASSURE AMERICA LIFE
INSURANCE COMPANY

By its attorneys,

Edward S. Rooney, Jr.
BBO #426840
ECKERT SEAMANS CHERIN
& MELLOTT LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
(617) 342-6800

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by overnight mail, postage prepaid, this 7th day of February, 2005.

Edward S. Rooney, Jr.

Exhibit 1

EXHibiT

1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO.** 05-22

DAVID A. SHRAIR and ANNE POLEP,
Trustees of the Mortimer Polep
Irrevocable Trust _____, PLAINTIFF(S)

V.

**SUMMONS**

REASSURE AMERICA LIFE
INSURANCE COMPANY _____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon
Mark D Mason, Esq., Cooley, Shrair P.C. _____, plaintiff's attorney, whose address is
1380 Main Street, Springfield, MA 01103, an answer to the complaint which is herewith served upon
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___5th___ day of
___January___ in the year of our Lord two thousand four five.

*Marie G. Mazza*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

Exhibit 2

EXHIBIT
2

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 05-22

DAVID A. SHRAIR and )
ANNE POLEP, Trustees of the )
Mortimer Polep Irrevocable Trust, )
        Plaintiffs )
     )
vs. )
     )
REASSURE AMERICA )
LIFE INSURANCE COMPANY, )
        Defendant )

**VERIFIED COMPLAINT**

## I - PRELIMINARY STATEMENT

This action arises out of Defendant, Reassure America Life Insurance Company's (hereinafter

referred to as "Reassure"), termination of life insurance policy (hereinafter referred to as the "Policy")

owned by and for the benefit of Plaintiffs, David A. Shrair and Anne Polep, Trustees of the Mortimer

Polep Irrevocable Trust (hereinafter referred to as the "Trust"). As a result of Defendant's termination

of the Policy, the Trust brings its action for Breach of Contract (Count I), Fraud and Deceit (Count II),

Negligent Misrepresentation (Count III), Innocent Misrepresentation (Count IV), Breach of the

Covenant of Good Faith and Fair Dealing (Count V), Violations of 211 CMR 95.13 (Count VI),

Violations of M.G.L. c. 93A §§2, 9 (Count VII) and Declaratory Judgment (Count VIII).

## II - PARTIES AND JURISDICTION

1.      Plaintiff, David A. Shrair, Co-trustee of the Mortimer Polep Irrevocable Trust, is a

natural person with a usual place of business at 1380 Main Street, Springfield, Hampden County,

Massachusetts.

2.      Plaintiff, Anne Polep, Co-trustee of the Mortimer Polep Irrevocable Trust, is a natural person residing at 177 Lynnwood Drive, Longmeadow, Hampden County, Massachusetts.

3.      Defendant, Reassure America Life Insurance Company, is a California life insurance company with a principal place of business at 12770 Merit Drive, Suite 600, Dallas, Texas.

## III - FACTUAL ALLEGATIONS

4.      On or about June 17, 1985, the Trust entered into an agreement with Royal Maccabees Life Insurance Company ("Royal") for life insurance in the amount of One Million and 00/100 ($1,000,000.00) Dollars covering the life of Mortimer Polep to be owned by and for the benefit of the Trust. In accordance with the agreement between Royal and the Trust, Royal issued flexible premium adjustable life insurance policy Number 04040220 (hereinafter referred to as the "Policy").

5.      Since June 17, 1985, the Policy has been assigned to Defendant. All of the terms and conditions of the Policy inured to and are binding upon Defendant.

6.      Pursuant to the terms and conditions of the Policy, all notices under the Policy are to be mailed to the Trust, c/o David A. Shrair, 1380 Main Street, Springfield, Massachusetts 01103.

7.      On or about November 17, 2004, Defendant transmitted Notice of Policy Termination to the Trust, c/o David A. Shrair, 1380 Main Street, Springfield, Massachusetts 01103. A copy of the November 17, 2004 correspondence is attached hereto as "Exhibit A." In its November 17, 2004 correspondence, Defendant purports to have transmitted to the Plaintiffs "previous correspondence regarding the status of the above-stated policy."

8.      Defendant maintains that such "previous correspondence" was transmitted on or about October 18, 2004 (hereinafter referred to as the "October 18, 2004 Correspondence").

9.      Defendant did not transmit the October 18, 2004 Correspondence to the Plaintiffs at the Trust's address pursuant to the terms and conditions of the Policy.

10.     The Plaintiffs did not receive the October 18, 2004 Correspondence until after November 17, 2004.

11.     During the period January 1, 1986 to present, Defendant has not transmitted Annual Reports to the Trust at the Trust's address.

12.     On November 29, 2004, the Plaintiffs transmitted correspondence pursuant to M.G.L. c. 93A §§2, 9 demanding Defendant reinstate the Policy without evidence of insurability.  A copy of the November 29, 2004 M.G.L. c. 93A Demand is attached hereto as "Exhibit B."

13.     Despite the Plaintiffs' request to reinstate the Policy without evidence of insurability, Defendant has failed and neglected to do so.

14.     Defendant failed and neglected to tender a reasonable offer of settlement in response to the Plaintiffs' November 29, 2004 M.G.L. c. 93A Demand Letter within thirty (30) days of its mailing.

### COUNT I - BREACH OF CONTRACT

15.     Plaintiffs restate and reallege the allegations contained in Pargraphs 1 through 14 hereof and incorporates the same by reference herein.

16.     Defendant has breached the terms and conditions of the Policy by failing provide Notices and Annual Reports to the Trust pursuant to the Policy and by failing to reinstate the Policy without evidence of insurability.

17.     As a result of Defendant's breach of contract, the Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demands judgment as follows:

        a.     Enter an Order for a Preliminary Injunction requiring Defendant to immediately reinstate the Policy without evidence of insurability;

b.    Enter a Permanent Injunction ordering Defendant to immediate reinstate the

Policy without evidence of insurability;

c.    Monetary Damages; and

d.    Such other and further relief as this Court deems just and proper.

## COUNT II - FRAUD AND DECEIT

18.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14

hereof and incorporates the same by reference herein.

19.    The Plaintiffs were deceived and wrongfully induced to rely, to their detriment, upon

the Defendant's misrepresentations and misleading and/or omissions regarding the Policy.  Without

limiting the foregoing, Plaintiffs were deceived and wrongfully induced to rely upon Defendant's

agreement to transmit all Notices and Annual Reports pursuant to the Policy and Massachusetts law to

the Trust at the Trust's address.

20.    The Plaintiffs' reliance was known or should have been known to the Defendant, and

the Defendant made the misrepresentations hereinbefore mentioned knowing them to be false and with

the intent of deceiving and inducing Plaintiffs to rely on such misrepresentations.

21.    As a result of Defendant's misrepresentations, omissions and fraudulent concealments,

Plaintiffs entered into agreement for the Policy and made payments toward the Policy.

22.    As a direct and proximate result of Defendant's fraudulent misrepresentations and

omissions, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Fraud and Deceit, together with payment

of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III - NEGLIGENT MISREPRESENTATION

23.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

24.    The Defendant's negligent misrepresentations regarding the Policy, and in particular, that all Notices and Annual Reports pursuant to the Policy would be sent to the Trust at the Trust's address constitute negligent misrepresentation.

25.    As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Negligent Misrepresentation, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV - INNOCENT MISREPRESENTATION

26.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

27.    The Defendant's innocent misrepresentations regarding the Policy, and in particular, that all Notices and Annual Reports pursuant to the Policy would be sent to the Trust at the Trust's address constitute innocent misrepresentation.

28.    As a direct and proximate result of Defendant's innocent misrepresentations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Innocent Misrepresentation, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT V - BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

29.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

30.     The Policy carries with it an implied covenant of good faith and fair dealing.  The Defendant's actions in breaching the terms and conditions of the Policy, as set forth above, were undertaken in bad faith and constitute a violation of the implied covenant of good faith and fair dealing.

31.     As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Breach of the Covenant of Good Faith and Fair Dealing, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF 211 CMR 95.13

32.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

33.     Defendant's failure to transmit Annual Reports to Plaintiffs at the Trust's address constitutes a violation of 211 CMR 95.13.

34.     As a direct and proximate result of Defendant's violation of 211 CMR 95.13, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Violation of 211 CMR 95.13, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VII - VIOLATIONS OF M.G.L. c. 93A §§2, 9

35.     Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

36.     Defendant has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A §§2, 9, M.G.L. c. 176D §3  and the Attorney General's Regulations promulgated thereunder.

37.    As a result of Defendant's violations of 93A §§2, 9, M.G.L. c. 176D §3, Plaintiffs have suffered and continue to suffer damages.

38.    Defendant has employed the following unfair and deceptive act or practices against Plaintiffs, each and every one of which standing alone and/or together constitutes and unfair or deceptive act or practice in violation of M.G.L. c. 93A §§2, 9, c. 176D §3 and each one of which is alleged as a separate and distinct violation of M.G.L. c. 93A and c. 176D:

    a.  Defendant misrepresented pertinent facts or insurance policy provisions relating to coverage at issue in violations of M.G.L. c. 176D §3(9)(a);

    b.  Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy in violation of M.G.L. c. 176D §3(9)(b); Defendant failed to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims in violation of M.G.L. c. 176D §3(9)(c);

    c.  Defendant failed to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims in violation of M.G.L. c. 176D §3(9)(c); and

    d.  Defendant failed to transmit Annual Report for the period June 1986 to present to the Trust at the Trust's address pursuant to 211 CMR 95.13.

39.    At all times relevant hereto, Defendant was engaged in the business of insurance and the transactions complained of herein occurred within the Commonwealth of Massachusetts.

40.    Defendant's actions were performed willfully and knowingly.

41.    As a result of Defendant's actions, Plaintiffs have sustained and continue to sustain damages whereas Defendant has failed, refused, and neglected to reinstate the Policy without evidence of insurability.

42.    On November 29, 2004, the Trust transmitted a written demand for relief pursuant to M.G.L. c. 93A §§2, 9, identifying Plaintiffs and reasonably describing the unfair acts or practices relied upon and the injuries Plaintiffs have suffered.

43.    Defendant failed and neglected to tender a reasonable offer of settlement in response to Plaintiffs' November 29, 2004 M.G.L c.93A Demand Letter within thirty (30) days of its mailing.

44.    Defendant's refusal to grant relief was made in bad faith and with knowledge or reason to know that its acts violated M.G.L. c. 93A §§2, 9.

45.    Plaintiffs have been damaged by Defendant's refusal to grant relief.

WHEREFORE, Plaintiffs request this Court:

    a.    Enter an Order for Preliminary Injunction requiring Defendant to immediately reinstate the Policy without evidence of insurability;

    b.    Enter a Permanent Injunction ordering Defendant to immediately reinstate the Policy without evidence of insurability;

    c.    Monetary Damages;

    d.    Treble such amount pursuant to M.G.L. c.93A §9(3); award interest, costs and attorney's fees; and

    e.    Such other and further relief as this Court deems just and proper.

## COUNT VIII – DECLARATORY RELIEF
### PURSUANT TO M.G.L. c. 231A

46.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

47.    There exists among the parties to this action an actual, justiciable controversy within the jurisdiction of this Court relative to whether the Policy has been lawfully terminated.

WHEREFORE, Plaintiffs respectfully requests this Court adjudicate the rights of the parties and grant such other and further Declaratory Relief as it deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS SO TRIALABLE.

DAVID A. SHRAIR and ANNE POLEP,
Trustees of the Mortimer Polep
Irrevocable Trust


By:_____
MARK D MASON, ESQ.
Cooley, Shrair P.C.
1380 Main Street, 5th Floor
Springfield, MA 01103
Tel. (413) 781-0750
BBO#544936

## VERIFICATION OF COMPLAINT

I, David A. Shrair, Co-Trustee of the Mortimer Polep Irrevocable Trust, verify that the allegations of this Verified Complaint are based upon my own personal knowledge or where upon information and belief, I believe the same to be true.

Signed under pains and penalties of perjury this 5th day of January, 2005.

DAVID A. SHRAIR, Co-Trustee of the
Mortimer Polep Irrevocable Trust

REASSURE AMERICA LIFE INSURANCE COMPANY ·
P.O. Box 749045 Dallas, TX 75374-9045
1-800-678-6227



EXHIBIT
A
ALL-STATE LEGAL SUPPLY CO.

November 17, 2004

DAVID SHRAIR AND ANNE
POLEP TRUSTEES
1380 MAIN STREET
SPRINGFIELD MA 01103

NOTICE OF POLICY TERMINATION

Re:    Insured: Mortimer A Polep
       Policy Number: 04040220

We have not received a response to our previous correspondence regarding the
status of the above stated policy.

We regret to advise you that this policy has terminated due to insufficient
cash value to cover the cost of insurance and expenses. You may be eligible
to reinstate your policy. The reinstatement of terminated coverage will
require evidence of insurability and underwriting approval.

We have enjoyed our association with you and appreciated the confidence you
placed in us over the years. We hope that you decide to apply for the
reinstatement of the above referenced valuable policy and restore the
protection it previously provided.

If you should have any questions or if we can be of further assistance, please
contact your insurance representative or you may call the Customer Service
Center at 1-800-678-6227 Monday through Friday from 7:30 a.m. to 4:30 p.m.
(Central Standard Time).

Sincerely,

Client Services                        APFLLPSE



LAW OFFICES

# COOLEY, SHRAIR P.C.

1380 MAIN STREET – FIFTH FLOOR
SPRINGFIELD, MASSACHUSETTS 01103-1616

TELEPHONE (413) 781-0750    TELECOPIER (413) 733-3042

WRITERS DIRECT DIAL
(413) 735-8000

EMAIL: dshrair@cooleyshrair.com

DAVID A. SHRAIR                                          FILE NO. 13902.002

November 29, 2004

Reassure Life America Life Insurance Company
P.O. Box 749045
Dallas, TX 75374-9045

RE:    Mortimer A. Polep, Insured, Policy No. 04040220

Gentlemen:

The undersigned, David A. Shrair, is a Trustee under the Trust which owns and is the beneficiary of the above policy. This letter is being written to you in connection with your Notice of Policy Termination dated November 17, 2004. As I stated to your supervisor, Diane Skinner, on November 24, 2004, we never received the letter which your company purportedly sent on October 17, 2004, which was allegedly a payment due notice. In fact, Ms. Skinner advised me that your company has supposedly been sending annual policy statements and we in fact have never received those. It is quite possible that you may have been sending notices to the insured and not to the undersigned as policy owner. The insured suffered a stroke some years ago and has been unable to deal with his own affairs and would have no understanding of any notices regarding payment due which might have been sent to his home.

Ms. Skinner advised us that this policy could not be reinstated without evidence of insurability. I stated to her that since we never received any notice of payment due we believe that the company is under an obligation to reinstate based upon the immediate payment of whatever premium might be due.

This letter is to formally place your company on notice that the Polep Trust is ready, willing and able to pay the annual premium on this policy and demands reinstatement of same.

[Document=X:\DOCS\13902\2\lettmemo\00070894.DOC;1]

In the event that you fail to honor this request then this letter is to advise you that an action shall be commenced forthwith against your company in Massachusetts to compel reinstatement and acceptance of premium. This policy has been in force for many years with premiums always having been paid on a timely basis. The action of your company in failing to send the policy owner a notice of payment due is outrageous and in our opinion, your refusal to reinstate the policy constitutes an unfair trade practice under the provisions of Massachusetts General Laws Chapter 93A. In the event that we commence the above action and are successful then the court has the authority to order payment of attorney's fees and up to three times the amount of the damages.

I trust that we will hear from you by return mail.

Sincerely,

DAVID A. SHRAIR, Trustee

DAS/pmc

Copy to:  Mortimer A. Polep
          Jeffery Polep
          J. Rockwell Allan

{Document=X:\DOCS\13902\2\lettmemo\00070894.DOC;1}

Exhibit 3

EXHIBIT
3

| CIVIL ACTION<br>COVER SHEET | DOCKET NO.(S)<br>05-22 | Trial Court of Massachusetts<br>Superior Court Department<br>County: Hampden |
|---|---|---|

| PLAINTIFF(S)<br>DAVID A. SHRAIR and ANNE POLEP, Trustees of<br>the Mortimer Polep Irrevocable Trust | DEFENDANT(S)<br>REASSURE AMERICA LIFE INSURANCE COMPANY |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Mark D. Mason, Esq., Cooley Shrair, P.C.<br>1380 Main Street, Springfield, MA 01103<br>Board of Bar Overseers number: 544936    Tel. (413) 781-0750 | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages on y

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
    2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
    3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
    4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
    5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                      Subtotal $. . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F.  Other documented items of damages (describe)
                                        $. . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                        $. . . . . . . . . . .
                                TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiffs bring their claim for Defendant's breach of life insurance policy in unlawfully
terminating the Plaintiffs policy.

                              TOTAL $1,000,000.0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                         DATE: 1/5/05

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DAVID A. SHRAIR and ANNE POLEP, Trustee of the Mortimer Polep Irrevocable Trust

**DEFENDANTS**

Reassure America Life Insurance Company

05 - 30041 - ????

**(b)** County of Residence of First Listed Plaintiff __Hampden__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark D. Mason, Esq.    (413.784-0705)
Coolay, Shrair, P.C.
1380 Main St., Springfield, MA 01103

Attorneys (If Known)    (617.342.6863)

Edward S. Rooney, Jr., Esq.
Eckert Seamans Cherin & Mellott, LLC
1 International Place, 18th, Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgement | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity −28 U.S.C. Secs. 1332
Claim for reinstatemen of life insurance policy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE    2/07/05

SIGNATURE OF ATTORNEY OF RECORD    E. S. Rooney Jr.

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __David A. Shrair, Trustee v.__
   __Reassure America Life Insurance Company__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases
   x
   _x_    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.     150, 152, 153.              05 - 30041 - KPN

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                              YES          NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                              YES          NO  X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                              YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                              YES          NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                              YES  X       NO

        A.     IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

               EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION      X

        B.     IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
               GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

               EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Edward S. Rooney, Jr., Esq.__

ADDRESS __Eckert Seamans Cherin & Mellott, LLC, 1 International Pl., 18th Flr.,__
TELEPHONE NO. __Boston, MA 02110   (617) 342-6863__

(Cover sheet local.wpd - 11/27/00)