UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID A. SHRAIR and ANNE POLEP, Trustees of the Mortimer Polep Irrevocable Trust,<br>　　　Plaintiffs<br><br>v.<br><br>REASSURE AMERICA LIFE INSURANCE COMPANY,<br>　　　Defendant | CIVIL ACTION NO.<br>05-30041-KPN |



## DEFENDANT'S ANSWER

Now comes the defendant Reassure America Life Insurance Company (hereinafter "Defendant" or "Reassure") and by and through its attorneys, answers the plaintiffs' Verified Complaint as follows:

### I – PRELIMINARY STATEMENT

The Preliminary Statement contains no allegations of fact, but only a general description of the claims being asserted by the plaintiffs and therefore no response is required. To the extent that the Preliminary Statement contains any allegations of fact, they are denied.

### II – PARTIES AND JURISDICTION

1.　On information and belief, Defendant admits the allegations contained in paragraph 1.

2.　On information and belief, Defendant admits the allegations contained in

paragraph 2.

3. Defendant denies the allegations contained in paragraph 3. And answering further, defendant says that it is an Illinois life insurance company with its principal place of business in Jacksonville, Illinois.

### III – FACTUAL ALLEGATIONS

4. Defendant admits that on or about June 17, 1985, Royal Maccabees Life Insurance Company ("Royal") issued a life insurance policy in the amount of One Million ($1,000,000.00) dollars covering the life of Mortimer Polep; that as requested in the application for the policy, the owners of the policy were to be the Trustees of the Mortimer Polep Irrevocable Trust (hereinafter "the Trust"); and that the policy issued by Royal was a flexible premium adjustable policy, as requested in the application, and that said policy was numbered 04040220 (hereinafter "the Policy"). Defendant denies the remaining allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5. And answering further says that effective October 1, 1999, the name of the insurer of the Policy was changed from Royal Maccabees to Reassure America Life Insurance Company, but that all provisions of the Policy and all rights and obligations under the Policy remained the same.

6. Defendant admits that in his application for the Policy, Mortimer Polep requested that all notices with respect to the Policy were to be sent to David A. Shrair, Trustee, 1380 Main Street – 5th Floor, Springfield, Mass. 01103. Defendant denies the remaining allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7. And

answering further says that the document attached to the Complaint and marked Exhibit A speaks for itself.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits receiving a letter dated November 29, 2004, a copy of which is attached to the Complaint and marked Exhibit B, and which letter speaks for itself. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant admits that in his letter dated November 29, 2004, attached to the Complaint and marked Exhibit B, plaintiff David Shrair requested that the Policy be reinstated without evidence of insurability, and that in a response letter dated December 7, 2004, Defendant denied this request based upon the terms of the Policy. Defendant denies the remaining allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

## COUNT I – BREACH OF CONTRACT

15. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT II – FRAUD AND DECEIT

18. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT III – NEGLIGENT MISREPRESENTATION

23. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT IV – INNOCENT MISREPRESENTATION

26. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

30. The first sentence of paragraph 30 contains no allegation of fact but only a conclusion of law, which requires no response. Defendant denies the allegations contained in the second sentence of paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT VI – VIOLATION OF 211 CMR 95.13

32. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT VII – VIOLATIONS OF M.G.L. c. 93A, §§2, 9

35. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant admits that at all times relevant hereto it was engaged in the business of insurance. The remaining statements in paragraph 39 contain no allegations of fact but only a conclusion of law which requires no response. To the extent that these statements contain any allegations of fact, they are denied.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant admits receiving a letter dated November 29, 2004, a copy of which is attached to the Complaint and marked Exhibit B, and which letter speaks for itself. Defendant denies the remaining allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## COUNT VIII – DECLARATORY RELIEF
## PURSUANT TO M.G.L. c. 231A

46. Defendant repeats and incorporates by reference herein its answers to the allegations contained in paragraphs 1 through 14.

47. Paragraph 47 contains no allegations of fact but only conclusions of law, which require no response. To the extent that paragraph 47 contains any allegations of fact, they are denied.

WHEREFORE, Defendant prays that the Complaint be dismissed and that it be awarded its costs.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby asserts the following affirmative defenses to the allegations set forth in the Complaint.

## FIRST DEFENSE

Plaintiffs' Complaint, and each of the Counts set forth therein, fails to set forth a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs failed to pay the planned periodic premium due on the Policy in October, 2004, and the Policy thereafter terminated without value in November, 2004.

## THIRD DEFENSE

Plaintiffs have failed to satisfy the terms and conditions of the Policy which require that if a policy terminates, it can be reinstated only if an application for reinstatement is submitted with evidence satisfactory to Reassure of the insurability of the insured and payment of a minimum premium to keep the policy in force for two months.

## FOURTH DEFENSE

Any damages suffered by the plaintiffs resulted, in whole or in part, from their own contributory negligence, which negligence was greater than any negligence of Defendant, and therefore the plaintiffs are barred from recovering any such damages in accordance with G.L. c. 231, §85.

## FIFTH DEFENSE

Plaintiffs, by their actions or their failure to act, are estopped to assert any liability against Defendant.

REASSURE AMERICA
LIFE INSURANCE COMPANY

By its attorneys,

DATED: February 7, 2005

*/s/ Edward S. Rooney, Jr.*
Edward S. Rooney, Jr.
BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by overnight mail this 7th day of February, 2005.

*/s/ Edward S. Rooney, Jr.*
Edward S. Rooney, Jr.

{K0296698.1}          8