**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# HDCV2005-00022

## Shrair Trustee et al v Reassure America Life Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 01/06/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 02/11/2005 | **Session** | A - Civil A - CtRm 6 | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/06/2005 | **Answer** | 06/05/2005 | **Rule12/19/20** | 06/05/2005 |
| **Rule 15** | 06/05/2005 | **Discovery** | 11/02/2005 | **Rule 56** | 12/02/2005 |
| **Final PTC** | 01/01/2006 | **Disposition** | 03/02/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
David A  Shrair Trustee
Trustee of the Mortimer Polep Irrevocable Trust
Active 01/06/2005

**Private Counsel 544936**
Mark D Mason
Cooley Shrair PC
1380 Main Street
Fifth Floor
Springfield, MA 01103
Phone: 413-781-0750
Fax: 413-733-3042
Active 01/06/2005 Notify

**Plaintiff**
Anne  Polep Trustee
Trustee of the Mortimer Polep Irrevocable Trust
Active 01/06/2005

**Alias plaintiff name**
Mortimer Polep Irrevocable Trust
Active 01/06/2005

**Defendant**
Reassure America Life Insurance Company
Served: 01/19/2005
Served (answr pending) 02/02/2005

**Private Counsel 426840**
Edward S Rooney Jr
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 02/11/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/06/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/06/2005 | | Origin 1, Type A01, Track F. |



HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00022

### Shrair Trustee et al v Reassure America Life Insurance Company

| Date | Paper | Text |
|------|-------|------|
| 02/02/2005 | 2.0 | SERVICE RETURNED: Reassure America Life Insurance Company(Defendant) |
| 02/11/2005 | 3.0 | Notice for Removal to the United States District Court filed by |
| | | Reassure America Life Insurance Company |
| 02/11/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
11th day of February
2005. *Tina M Dunha*
*Deputy Asst* Clerk

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB - 2 2005

*Marie G. Mazza*
CLERK MAGISTRATE

**HAMPDEN, ss.**

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05-22

DAVID A. SHRAIR and ANNE POLEP
Trustees of the Mortimer Polep
Irrevocable Trust
_____, PLAINTIFF(S)

V.

**SUMMONS**

REASSURE AMERICA LIFE
INSURANCE COMPANY
_____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon
Mark D Mason, Esq., Cooley, Shrair P.C.
1380 Main Street, Springfield, MA 01103, plaintiff's attorney, whose address is
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___5th___
___January___ in the year of our Lord two thousand ~~and~~ five. _____ day of

*Marie G. Mazza*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

A true copy.
Attest:
*Lina M Dohan*
Deputy Assistant Clerk

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on January 19 2005, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

*First Class Mail to:*
*Reassure America Life Ins. Co.*
*1275 Sandusky Road*
*Jacksonville, Il 62650*

Dated: _1/19/05_, ~~2004~~

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

A true copy
Attest:

_____
Deputy Assistant Clerk

```
(        RECEIVED        )
(      JAN 1 9 2005   , 2004 )
(   DIVISION OF INSURANCE   )
        LEGAL DIVISION
```

| CIVIL ACTION COVER SHEET | DOCKET NO.(S)<br>05·  22 | Trial Court of Massachusetts<br>Superior Court Department<br>County: Hampden |
|---|---|---|

| PLAINTIFF(S)<br>DAVID A. SHRAIR and ANNE POLEP, Trustees of the Mortimer Polep Irrevocable Trust | DEFENDANT(S)<br>REASSURE AMERICA LIFE INSURANCE COMPANY |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Mark D. Mason, Esq., Cooley Shrair, P.C.<br>1380 Main Street, Springfield, MA 01103<br>Tel: (413) 781-0750<br>Board of Bar Overseers number: 544936 | ATTORNEY (if known)<br>**HAMPDEN COUNTY**<br>**SUPERIOR COURT**<br>**FILED**<br>~~JAN - 6 2005~~ |
|---|---|

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s.97 &104  After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
Subtotal $. . . . . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F.  Other documented items of damages (describe)
$. . . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . .
TOTAL $. . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiffs bring their claim for Defendant's breach of life insurance policy in unlawfully terminating the Plaintiffs policy.

TOTAL $1,000,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 1/5/05

A true copy Attest:
_____
Deputy    Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 051    22

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JAN - 6 2005

~~Marie~~ O'Nozza
CLERK-MAGISTRATE

DAVID A. SHRAIR and )
ANNE POLEP, Trustees of the )
Mortimer Polep Irrevocable Trust, )
    Plaintiffs )
     )
vs. )
     )
     )
REASSURE AMERICA )
LIFE INSURANCE COMPANY, )
    Defendant )

**VERIFIED COMPLAINT**

## I - PRELIMINARY STATEMENT

This action arises out of Defendant, Reassure America Life Insurance Company's (hereinafter referred to as "Reassure"), termination of life insurance policy (hereinafter referred to as the "Policy") owned by and for the benefit of Plaintiffs, David A. Shrair and Anne Polep, Trustees of the Mortimer Polep Irrevocable Trust (hereinafter referred to as the "Trust"). As a result of Defendant's termination of the Policy, the Trust brings its action for Breach of Contract (Count I), Fraud and Deceit (Count II), Negligent Misrepresentation (Count III), Innocent Misrepresentation (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Violations of 211 CMR 95.13 (Count VI), Violations of M.G.L. c. 93A §§2, 9 (Count VII) and Declaratory Judgment (Count VIII).

## II - PARTIES AND JURISDICTION

1.    Plaintiff, David A. Shrair, Co-trustee of the Mortimer Polep Irrevocable Trust, is a natural person with a usual place of business at 1380 Main Street, Springfield, Hampden County, Massachusetts.

No. of Pgs. _____ ONE _____
Fee Rec'd $ _____ 240.00 _____ Cash - Check
Surcharge Paid - $ _____ 15.00 _____ Cash - Check
Security Fee - Paid - $ _____ 20.00 _____ Cash - Check
Received by _____ R.H _____

13902.2/72106

2.      Plaintiff, Anne Polep, Co-trustee of the Mortimer Polep Irrevocable Trust, is a natural person residing at 177 Lynnwood Drive, Longmeadow, Hampden County, Massachusetts.

3.      Defendant, Reassure America Life Insurance Company, is a California life insurance company with a principal place of business at 12770 Merit Drive, Suite 600, Dallas, Texas.

## III - FACTUAL ALLEGATIONS

4.      On or about June 17, 1985, the Trust entered into an agreement with Royal Maccabees Life Insurance Company ("Royal") for life insurance in the amount of One Million and 00/100 ($1,000,000.00) Dollars covering the life of Mortimer Polep to be owned by and for the benefit of the Trust. In accordance with the agreement between Royal and the Trust, Royal issued flexible premium adjustable life insurance policy Number 04040220 (hereinafter referred to as the "Policy").

5.      Since June 17, 1985, the Policy has been assigned to Defendant. All of the terms and conditions of the Policy inured to and are binding upon Defendant.

6.      Pursuant to the terms and conditions of the Policy, all notices under the Policy are to be mailed to the Trust, c/o David A. Shrair, 1380 Main Street, Springfield, Massachusetts 01103.

7.      On or about November 17, 2004, Defendant transmitted Notice of Policy Termination to the Trust, c/o David A. Shrair, 1380 Main Street, Springfield, Massachusetts 01103. A copy of the November 17, 2004 correspondence is attached hereto as "Exhibit A." In its November 17, 2004 correspondence, Defendant purports to have transmitted to the Plaintiffs "previous correspondence regarding the status of the above-stated policy."

8.      Defendant maintains that such "previous correspondence" was transmitted on or about October 18, 2004 (hereinafter referred to as the "October 18, 2004 Correspondence").

9.      Defendant did not transmit the October 18, 2004 Correspondence to the Plaintiffs at the Trust's address pursuant to the terms and conditions of the Policy.

13902.2/72106

2

10.    The Plaintiffs did not receive the October 18, 2004 Correspondence until after November 17, 2004.

11.    During the period January 1, 1986 to present, Defendant has not transmitted Annual Reports to the Trust at the Trust's address.

12.    On November 29, 2004, the Plaintiffs transmitted correspondence pursuant to M.G.L. c. 93A §§2, 9 demanding Defendant reinstate the Policy without evidence of insurability.  A copy of the November 29, 2004 M.G.L. c. 93A Demand is attached hereto as "Exhibit B."

13.    Despite the Plaintiffs' request to reinstate the Policy without evidence of insurability, Defendant has failed and neglected to do so.

14.    Defendant failed and neglected to tender a reasonable offer of settlement in response to the Plaintiffs' November 29, 2004 M.G.L. c. 93A Demand Letter within thirty (30) days of its mailing.

## COUNT I - BREACH OF CONTRACT

15.    Plaintiffs restate and reallege the allegations contained in Pargraphs 1 through 14 hereof and incorporates the same by reference herein.

16.    Defendant has breached the terms and conditions of the Policy by failing provide Notices and Annual Reports to the Trust pursuant to the Policy and by failing to reinstate the Policy without evidence of insurability.

17.    As a result of Defendant's breach of contract, the Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demands judgment as follows:

a.    Enter an Order for a Preliminary Injunction requiring Defendant to immediately reinstate the Policy without evidence of insurability;

13902.2/72106

b.    Enter a Permanent Injunction ordering Defendant to immediate reinstate the Policy without evidence of insurability;

c.    Monetary Damages; and

d.    Such other and further relief as this Court deems just and proper.

## COUNT II - FRAUD AND DECEIT

18.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

19.    The Plaintiffs were deceived and wrongfully induced to rely, to their detriment, upon the Defendant's misrepresentations and misleading and/or omissions regarding the Policy. Without limiting the foregoing, Plaintiffs were deceived and wrongfully induced to rely upon Defendant's agreement to transmit all Notices and Annual Reports pursuant to the Policy and Massachusetts law to the Trust at the Trust's address.

20.    The Plaintiffs' reliance was known or should have been known to the Defendant, and the Defendant made the misrepresentations hereinbefore mentioned knowing them to be false and with the intent of deceiving and inducing Plaintiffs to rely on such misrepresentations.

21.    As a result of Defendant's misrepresentations, omissions and fraudulent concealments, Plaintiffs entered into agreement for the Policy and made payments toward the Policy.

22.    As a direct and proximate result of Defendant's fraudulent misrepresentations and omissions, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Fraud and Deceit, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III - NEGLIGENT MISREPRESENTATION

23.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

24.    The Defendant's negligent misrepresentations regarding the Policy, and in particular, that all Notices and Annual Reports pursuant to the Policy would be sent to the Trust at the Trust's address constitute negligent misrepresentation.

25.    As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Negligent Misrepresentation, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV - INNOCENT MISREPRESENTATION

26.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

27.    The Defendant's innocent misrepresentations regarding the Policy, and in particular, that all Notices and Annual Reports pursuant to the Policy would be sent to the Trust at the Trust's address constitute innocent misrepresentation.

28.    As a direct and proximate result of Defendant's innocent misrepresentations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Innocent Misrepresentation, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT V - BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

29.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

30.    The Policy carries with it an implied covenant of good faith and fair dealing.  The Defendant's actions in breaching the terms and conditions of the Policy, as set forth above, were undertaken in bad faith and constitute a violation of the implied covenant of good faith and fair dealing.

31.    As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Judgment for Breach of the Covenant of Good Faith and Fair Dealing, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF 211 CMR 95.13

32.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

33.    Defendant's failure to transmit Annual Reports to Plaintiffs at the Trust's address constitutes a violation of 211 CMR 95.13.

34.    As a direct and proximate result of Defendant's violation of 211 CMR 95.13, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, the Plaintiffs demand Violation of 211 CMR 95.13, together with payment of interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VII - VIOLATIONS OF M.G.L. c. 93A §§2, 9

35.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

36.    Defendant has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A §§2, 9, M.G.L. c. 176D §3  and the Attorney General's Regulations promulgated thereunder.

37.    As a result of Defendant's violations of 93A §§2, 9, M.G.L. c. 176D §3, Plaintiffs have suffered and continue to suffer damages.

38.    Defendant has employed the following unfair and deceptive act or practices against Plaintiffs, each and every one of which standing alone and/or together constitutes and unfair or deceptive act or practice in violation of M.G.L. c. 93A §§2, 9, c. 176D §3 and each one of which is alleged as a separate and distinct violation of M.G.L. c. 93A and c. 176D:

   a.  Defendant misrepresented pertinent facts or insurance policy provisions relating to coverage at issue in violations of M.G.L. c. 176D §3(9)(a);

   b.  Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy in violation of M.G.L. c. 176D §3(9)(b); Defendant failed to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims in violation of M.G.L. c. 176D §3(9)(c);

   c.  Defendant failed to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims in violation of M.G.L. c. 176D §3(9)(c); and

   d.  Defendant failed to transmit Annual Report for the period June 1986 to present to the Trust at the Trust's address pursuant to 211 CMR 95.13.

39.    At all times relevant hereto, Defendant was engaged in the business of insurance and the transactions complained of herein occurred within the Commonwealth of Massachusetts.

40.    Defendant's actions were performed willfully and knowingly.

41.    As a result of Defendant's actions, Plaintiffs have sustained and continue to sustain damages whereas Defendant has failed, refused, and neglected to reinstate the Policy without evidence of insurability.

42.    On November 29, 2004, the Trust transmitted a written demand for relief pursuant to M.G.L. c. 93A §§2, 9, identifying Plaintiffs and reasonably describing the unfair acts or practices relied upon and the injuries Plaintiffs have suffered.

43.    Defendant failed and neglected to tender a reasonable offer of settlement in response to Plaintiffs' November 29, 2004 M.G.L c.93A Demand Letter within thirty (30) days of its mailing.

44.    Defendant's refusal to grant relief was made in bad faith and with knowledge or reason to know that its acts violated M.G.L. c. 93A §§2, 9.

45.    Plaintiffs have been damaged by Defendant's refusal to grant relief.

WHEREFORE, Plaintiffs request this Court:

    a.    Enter an Order for Preliminary Injunction requiring Defendant to immediately reinstate the Policy without evidence of insurability;

    b.    Enter a Permanent Injunction ordering Defendant to immediately reinstate the Policy without evidence of insurability;

    c.    Monetary Damages;

    d.    Treble such amount pursuant to M.G.L. c.93A §9(3); award interest, costs and attorney's fees; and

    e.    Such other and further relief as this Court deems just and proper.

## COUNT VIII – DECLARATORY RELIEF
## PURSUANT TO M.G.L. c. 231A

46.    Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 14 hereof and incorporates the same by reference herein.

47.    There exists among the parties to this action an actual, justiciable controversy within the jurisdiction of this Court relative to whether the Policy has been lawfully terminated.

WHEREFORE, Plaintiffs respectfully requests this Court adjudicate the rights of the parties and grant such other and further Declaratory Relief as it deems just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS SO TRIALABLE.

<div style="margin-left:40%">

DAVID A. SHRAIR and ANNE POLEP,
Trustees of the Mortimer Polep
Irrevocable Trust


By:_____
MARK D MASON, ESQ.
Cooley, Shrair P.C.
1380 Main Street, 5th Floor
Springfield, MA 01103
Tel. (413) 781-0750
BBO#544936

</div>

A true copy.

Attest:

_____
Deputy Assistant Clerk

## VERIFICATION OF COMPLAINT

I, David A. Shrair, Co-Trustee of the Mortimer Polep Irrevocable Trust, verify that the allegations of this Verified Complaint are based upon my own personal knowledge or where upon information and belief, I believe the same to be true.

Signed under pains and penalties of perjury this 5th day of January, 2005.

_____
DAVID A. SHRAIR, Co-Trustee of the
Mortimer Polep Irrevocable Trust



REASSURE AMERICA LIFE INSURANCE COMPANY
P.O. Box 749045 Dallas, TX 75374-9045
1-800-678-6227

November 17, 2004

DAVID SHRAIR AND ANNE
POLEP TRUSTEES
1380 MAIN STREET
SPRINGFIELD MA 01103

## NOTICE OF POLICY TERMINATION

Re:    Insured: Mortimer A Polep
       Policy Number: 04040220

We have not received a response to our previous correspondence regarding the status of the above stated policy.

We regret to advise you that this policy has terminated due to insufficient cash value to cover the cost of insurance and expenses. You may be eligible to reinstate your policy. The reinstatement of terminated coverage will require evidence of insurability and underwriting approval.

We have enjoyed our association with you and appreciated the confidence you placed in us over the years. We hope that you decide to apply for the reinstatement of the above referenced valuable policy and restore the protection it previously provided.

If you should have any questions or if we can be of further assistance, please contact your insurance representative or you may call the Customer Service Center at 1-800-678-6227 Monday through Friday from 7:30 a.m. to 4:30 p.m. (Central Standard Time).

Sincerely,

Client Services                          APFLLPSE

EXHIBIT

B

ALL-STATE LEGAL SUPPLY CO.

LAW OFFICES

# COOLEY, SHRAIR P.C.

1380 MAIN STREET – FIFTH FLOOR
SPRINGFIELD, MASSACHUSETTS 01103-1616

TELEPHONE (413) 781-0750    TELECOPIER (413) 733-3042

WRITERS DIRECT DIAL
(413) 735-8000

EMAIL: dshrair@cooleyshrair.com

DAVID A. SHRAIR

FILE NO. 13902.002

November 29, 2004

Reassure Life America Life Insurance Company
P.O. Box 749045
Dallas, TX 75374-9045

RE:    Mortimer A. Polep, Insured, Policy No. 04040220

Gentlemen:

The undersigned, David A. Shrair, is a Trustee under the Trust which owns and is the beneficiary of the above policy. This letter is being written to you in connection with your Notice of Policy Termination dated November 17, 2004. As I stated to your supervisor, Diane Skinner, on November 24, 2004, we never received the letter which your company purportedly sent on October 17, 2004, which was allegedly a payment due notice. In fact, Ms. Skinner advised me that your company has supposedly been sending annual policy statements and we in fact have never received those. It is quite possible that you may have been sending notices to the insured and not to the undersigned as policy owner. The insured suffered a stroke some years ago and has been unable to deal with his own affairs and would have no understanding of any notices regarding payment due which might have been sent to his home.

Ms. Skinner advised us that this policy could not be reinstated without evidence of insurability. I stated to her that since we never received any notice of payment due we believe that the company is under an obligation to reinstate based upon the immediate payment of whatever premium might be due.

This letter is to formally place your company on notice that the Polep Trust is ready, willing and able to pay the annual premium on this policy and demands reinstatement of same.

In the event that you fail to honor this request then this letter is to advise you that an action shall be commenced forthwith against your company in Massachusetts to compel reinstatement and acceptance of premium. This policy has been in force for many years with premiums always having been paid on a timely basis. The action of your company in failing to send the policy owner a notice of payment due is outrageous and in our opinion, your refusal to reinstate the policy constitutes an unfair trade practice under the provisions of Massachusetts General Laws Chapter 93A. In the event that we commence the above action and are successful then the court has the authority to order payment of attorney's fees and up to three times the amount of the damages.

I trust that we will hear from you by return mail.

Sincerely,

DAVID A. SHRAIR, Trustee

DAS/pmc

Copy to:  Mortimer A. Polep
          Jeffery Polep
          J. Rockwell Allan

{Document=X:\DOCS\13902\2\lettmemo\00070894.DOC;1}