UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30041-MAP

| | | |
|---|---|---|
| DAVID A. SHRAIR and | ) | |
| ANNE POLEP, Co-Trustees of the | ) | |
| Mortimer Polep Irrevocable Trust, | ) | **JOINT STATEMENT AND** |
| Plaintiffs | ) | **PROPOSED CASE SCHEDULE** |
| | ) | |
| vs. | ) | |
| | ) | |
| REASSURE AMERICA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| Defendant | ) | |

1. **CONCISE SUMMARY OF THE POSITIONS ASSERTED BY THE PARTIES:**

 a. **Plaintiffs' Position**

  Plaintiffs, David A. Shrair and Anne Polep, Co-trustees of the Mortimer Polep Irrevocable Trust, brings this action against Defendant(s), Reassure America Life Insurance Company for Breach of Contract (Count I), Fraud and Deceit (Count II), Negligent Misrepresentation (Count III), Innocent Misrepresentation (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Violations of 211 CMR 95.13 (Count VI) and Violations of Massachusetts General Laws Chapter 93A §§ 2, 9 (Count VII) stemming from the Defendant's termination of life insurance policy (hereinafter referred to as the "Policy") owned by and for the benefit of David A. Shrair and Anne Polep, Trustees of the Mortimer Polep Irrevocable Trust ( hereinafter referred to as the "Trust").

  The Plaintiffs maintain that on or about June 17, 1985, the Trust entered into an agreement with Royal Maccabees Life Insurance Company (Hereinafter referred to as "Royal"), for a life insurance Policy, number 04040220 (hereinafter referred to as the "Policy"), in the amount of one million dollars ($1,000,000.00) insuring the life of Mortimer Polep. The Policy

was to be owned by and for the benefit of the Trust. On or about June 17, 1985 the policy was

assigned to the Defendant, Reassure America Life Insurance Company (hereinafter referred to as

"Reassure").

The terms of the Policy called for all notices issued by the insurer to be mailed to the

Trust c/o David A. Shrair 1380 Main Street, 5th Floor, Springfield, MA 01103. On or about

November 17, 2004, the Defendant, Reassure, transmitted a Notice of Policy Termination to the

Trust at the above-specified address.  In its Notice, the Defendant stated that it had sent a

previous Notice to the Trust regarding the impending termination of the Policy. The Plaintiffs

maintain that they did not receive any such Notice, and that the Notice sent November 17, 2004

was the first Notice received relating to such termination. The November 17, 2004 Notice

purports to have terminated the Policy. On or about November 29, 2004, the Plaintiffs

transmitted a letter pursuant to M.G.L. ch. 93A §§ 2, 9 demanding that the Defendant reinstate

the Policy without evidence of insurability. The Defendant refused to reinstate the Policy and has

failed to tender a reasonable offer of settlement within thirty (30) days of receiving Plaintiff's

M.G.L. ch. 93A demand letter.

### b. **Defendant's Position**

On June 17, 1985, Royal Maccabees Life Insurance Company issued a "Flexible

Premium Adjustable Life Insurance Policy," with a death benefit of $1,000,000.00, insuring

the life of Mortimer A. Polep ("the Policy").  Effective October 1, 1999, the name of the

insurer of the Policy was changed from Royal Maccabees to the defendant, Reassure America

Life Insurance Company.  The owners of the Policy were to be the Trustees of the Mortimer

Polep Irrevocable Trust (hereinafter "the Trust").  The original trustees of the Trust, as

designated in the application for the policy, were Charles Polep and David Shrair. Anne Polep was later substituted as a trustee in place of Charles Polep, but David Shrair remained as a trustee.

With this type of policy, all payments to the policy are deposited into an Accumulation Account. The cost of insurance (which increases yearly as the Insured's age increases) and the expense charges are deducted monthly on the "Monthly Deduction Day" from the Accumulation Account, which earns interest. When the "Planned Periodic Premium Payments" and interest accumulations are not adequate to pay the cost of insurance charges and policy expenses, the Accumulation Account (also referred to as the "cash value") is reduced by the net amount still due. The policy lapses when the cash surrender value is not sufficient to pay a monthly deduction and sufficient monies are not remitted during the contractual grace period. This type of policy allows the policy owner, at the time the policy is issued, to determine the amount and frequency of the initial payment and the planned periodic premium payment. This type of policy also allows the policy owner to make payments in whatever amount, and at whatever time, that he chooses so long as there is sufficient value to cover the monthly deductions.

The annual "Planned Periodic Premium Payment" for the Policy, as selected by the policy owner, was $23,213.00. The Policy maintained a positive cash value and monthly deductions were paid from the Accumulation Account until June, 2004. On June 17, 2004, when the Policy's monthly deduction became due, the Policy's "Accumulation Value" was negative (-229.41), which meant that the Accumulation Account was not sufficient to pay the monthly deduction and a payment by the policyholder was necessary. On June 17, 2004, Reassure America sent a written statement to the owners of the Policy, David Shrair and

3

Anne Polep, Trustees, at their address of record – 1380 Main Street, Springfield, MA 01103 –
which stated that 1) the accumulation value of the Policy was -229.41, and 2) if no further
payments were received, the Policy would have insufficient value to remain in force.  On the
same date, Reassure America also sent a written "Payment Due Notice" to the Trustees at the
same address of record, which stated:  "Our records indicate that your policy has entered the
grace period and is in danger of lapsing.  In order to keep your valuable coverage in force,
please send a remittance of $6,548.55 within 21 days from the date of this letter."  This letter
was apparently received by the Trustees, as  Reassure America thereafter received a timely
check, within the Policy's grace period, in the amount of $6,548.55 to pay the amount due
and to keep the policy in force.

On October 18, 2004, when the monthly deduction for October became due,  the Policy's
cash value was again insufficient to pay the deduction and the Policy became in danger of
lapsing, Reassure America mailed another "Payment Due Notice" to David Shrair and Anne
Polep, Trustees, at the same address of record – 1380 Main Street, Springfield, MA 01103.
As before, this notice again advised the Trustees that the Policy had again entered the grace
period and was in danger of lapsing and that a payment of $12,660.88 within 21 days was
necessary in order to keep the coverage in force.  This letter was correctly addressed, as was
all earlier correspondence to the Trustees, and was presumably received, as was the earlier
correspondence.  However, no further payments were received and the Policy lapsed without
value on November 17, 2004.

On November 17, 2004, the Trustees were notified that the Policy had terminated.  This
notice was provided by means of a letter sent to the Trustees, again at the same address as the
earlier correspondence – 1380 Main Street, Springfield, MA 01103.  The letter stated:  "We

4

regret to advise you that this policy has terminated due to insufficient cash value to cover the cost of insurance and expenses." The letter further advised that the Policy could be reinstated, but reinstatement would require evidence of insurability and underwriting approval. This letter was in fact received by Trustee David Shrair, as he responded to it by a phone call on November 24, 2004 and a letter on November 29, 2004. Thereafter, the Trustees applied for reinstatement of the Policy, but the application was not approved.

The Policy insuring Mortimer Polep lapsed for non-payment when the monthly deductions became due in October, 2004. Although the Trustees contend that they did not actually receive the "Payment Due Notice" dated October 18, 2004, the fact is that this notice was sent to the correct address. There is a well-established legal presumption that a properly addressed letter that was placed in the mail was received. Moreover, whether this notice was received or not is irrelevant as it was sent to the policy owner as required under the Policy's terms and conditions and applicable Massachusetts law.

2. **JOINT DISCOVERY PLAN:**

The parties jointly propose the following Joint Discovery Plan:

a. Fact discovery will commence forthwith and will be completed by December 31, 2005.

b. Reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) will be due:

    1. From the Plaintiff by January 15, 2006, if any; and
    2. From the Defendant by January 31, 2006, if any.

c. Expert depositions will be completed by February 28, 2006.

d. The parties will file and serve dispositive motions on or before March 31, 2006, and any oppositions thereto shall be filed and served in accordance with Local Rule 7.1.

Dated:  June 23, 2005

THE PLAINTIFFS,
DAVID A. SHRAIR and
ANNE POLEP,
TRUSTEES OF THE MORTIMER POLEP
IRREVOCABLE TRUST,


BY:_____
      Mark D Mason, Esq.
      Cooley, Shrair P.C.
      1380 Main Street, 5th Floor
      Springfield, MA 01103
      Tel. (413) 781-0750
      BBO# 544936

THE DEFENDANTS,
REASSURE AMERICA LIFE
INSURANCE COMPANY.


BY:_____s/_____
      Edward S. Rooney, Sr.
      Eckert, Seamans, Cherin
      & Mellot, LLC
      One International Place, 18th Floor
      Boston, MA 02110
      Tel. (617) 342-6863
      BBO# 426840

13902.2/80150

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30041-MAP

DAVID A. SHRAIR and                          )
ANNE POLEP, Co-Trustees of the               )
Mortimer Polep Irrevocable Trust,            )
                          Plaintiffs          )
                                              )
vs.                                           )
                                              )
REASSURE AMERICA                             )
LIFE INSURANCE COMPANY,                      )
                          Defendant           )

## **Local Rule 16.1(D) Certification**

Mark D. Mason, Esq. counsel for David A. Shrair and Anne Polep, Co-Trustees of the

Mortimer Polep Irrevocable Trust hereby certify that they have conferred with a view to

establishing a budget for the costs of conducting both the full course and various alternative

courses for this litigation and have considered seeking resolution of the matter through the use of

alternative dispute resolution programs such as those outlined in LR 16.4.

Dated:  June 22, 2005


MARK D MASON, ESQ.                    DAVID A. SHRAIR
1380 Main Street                      1380 Main Street
Springfield, MA 01103-1616            Tel:  (413) 735-8013
Tel. (413) 781-0750
Fax: (413) 733-3042
BBO# 544936

{Document=X:\DOCS\13902\2\affidavi\00080085.DOC;1}