UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30041-MAP

| | | |
|---|---|---|
| DAVID A. SHRAIR and ANNE | ) | |
| POLEP, Trustees of the Mortimer | ) | PLAINTIFFS' OPPOSITION TO |
| Polep Irrevocable Trust, | ) | DEFENDANT'S MOTION FOR SUMMARY |
| Plaintiffs | ) | JUDGMENT, RESPONSE TO |
| | ) | DEFENDANT'S STATEMENT OF |
| v. | ) | UNDISPUTED MATERIAL FACTS AND |
| REASSURE AMERICA LIFE | ) | STATEMENT OF ADDITIONAL |
| INSURANCE COMPANY, | ) | FACTS IN DISPUTE |
| Defendant | ) | |

Now come the Plaintiffs, David A. Shrair and Anne Polep, Trustees of the Mortimer

Polep Irrevocable Trust (hereinafter collectively referred to as "Plaintiffs") pursuant to Fed. R.

Civ. P. 56 and Local Rule 56.1 and hereby oppose Defendant's Motion for Summary Judgment

whereas the facts of record present a genuine issue to be tried. Plaintiffs set forth herein their

Response to Defendant's Statement of Undisputed Material Facts (hereinafter referred to as

"DSOUMF") as well as Plaintiffs' Statement of Additional Facts in Dispute. All reference to

documentation herein relates to the Appendices Defendant has filed in support of its instant

Motion as well as Deposition Transcript of Mortimer Polep at 13-14, a copy of which is filed

herewith as Plaintiffs' Appendix I.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

### THE POLICY

1.    Plaintiffs dispute the facts as alleged in DSOUMF at paragraph 1 insofar as

Defendant has represented that the policy transmitted with its January 28, 2005

correspondence is a "reconstructed copy of the original policy that Mr. Polep would

have received at the time of issuance". In particular, Defendant represents in its

January 28, 2005 correspondence that, "we do not retain a copy of the original policy

provided to the insured at issue, but can prepare a 'duplicate' policy, as enclosed."

The Plaintiffs do not dispute that the Application for Insurance to Maccabees Life

Insurance Company and Amendment to Application are true and complete copies

(hereinafter collectively referred to as the "Application"). See Deposition of David

Shrair ("Shrair Dep.") at Exhibits ("Exs.") 3 and 3A.

2.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 2.

3.      Plaintiffs dispute the facts as alleged in DSOUMF, at paragraph 3. As set forth in

Plaintiffs Verified Complaint at paragraph 6 as well as at Shrair Dep. Ex. 3 at 024 –

Q. 24, notices were to be sent to: Attorney David A. Shrair, Trustee re: Mortimer A.

Polep, 1380 Main Street – 5th Floor, Springfield, MA 01103." All Notices pursuant

to Maccabees Mutual Life Insurance Company Insurance Policy Number 4040-220

(hereinafter referred to as the "Policy"), including but not limited to Payment Due

Notices and Premium Notices were not sent to Attorney David A. Shrair, 1380 Main

Street, Springfield, MA 01103. Verified Complaint – pars. 9, 11, 16, 19, 24, 27, 30,

33, and 38. Shrair dep. at 53-55, 64, 65. Affidavit of David Shrair at para. 5.

4.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 4.

### FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE

5.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 5.

6.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 6.

7.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 7. Plaintiffs

further state that the Policy provides that "premium payment reminder notices will be

sent to the owner upon written request." Shrair Dep. – Ex. 3 at 008. And that Notices were to be sent to David A. Shrair as aforesaid. Shrair Dep. at Ex. 3 – 024 Q.24.

8.      Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 8.

9.      Plaintiffs dispute the facts as alleged in DSOUMF, at paragraph 9 insofar as such termination must be in compliance with the contractual provisions of the Policey and statutory authority.

10.     Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 10 to the extent that the facts recite such Policy Provision.

PAYMENTS MADE ON THE POLEP POLICY

11.     Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 11.

12.     Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 12. Plaintiffs further state that the election to make planned premium payments on an annual basis did not negate Plaintiffs ability to rely upon the accumulation value of the Policy for payment of premiums. As such, premiums were paid from the accumulation value, as needed. Deposition of Barbara Cowens ("Cowens Dep.") at 33-34, Ex. 15.

13.     Plaintiffs do not dispute the facts as alleged in DSOUMF, at paragraph 13, first sentence. Plaintiffs dispute the facts in DSOUMF, in paragraph 13, second sentence. Cowens Dep. at 38-48, 53-54, 88. Exs. 17-19, 22, 26, 27, 28; Cowens Dep. at 72–74 (relating to the transmittal of Ex. 22, correspondence from Royal and SonAlliance to Mortimer A. Polep of 177 Lynnwood Drive, Longmeadow, MA 01106 (in part) [I]f we are mailing premium notices directly to you, you will begin to receive your premium notices from the new servicing center...." Ex. 22 comprises payment due notices dated 6/16/99, 6/17/97, together with envelopes relating to such payment due

notices identifying the addressee as Mortimer A. Polep, 177 Lynnwood Drive, Longmeadow, MA 01106. Ms. Cowens further testified in response to inquiry as follows: "Q. So that your understanding, if I am correct, is that there are no premium payment notices that were transmitted during the period June 1993 until May of 2002? A. Well, I can't speak to 1993 through 1999, but from 1999 until 2002, it is my understanding that that was the only notice produced during that period." Id. at 83. Moreover, Ex. 15, Mr. Aaronson's June 3, 1993 correspondence to Michael Bader, did not request that transmittal of bills be suspended. Cowens Dep. at 36.

14.    Plaintiffs dispute the facts as alleged in DSOUMF at paragraph 14. In this regard, the cited deposition pages do not establish that Ex. 16 was ever mailed to David A. Shrair. Moreover, Ms. Cowens testified that she could not speak to the transmittal of notices for the period 1993 through 1999. Id. at 83.

15.    Plaintiffs do not dispute that Ex. 17 states that the cash surrender value of the Policy on June 17, 2000 was $107,260.28.

16.    Plaintiffs dispute the facts as alleged in DSOUMF at paragraph 16 only insofar as they allege that "Mr. Shrair thought Jim Aaronson, son of Hillard Aaronson, was that H." Mr. Shrair's testimony was that he did not recall whether such individual was Jim Aaronson. Shrair Dep. at 28.

17.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 17.

18.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 18.

19.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 19.

20.    Plaintiffs dispute the facts as alleged in DSOUMF at paragraph 20 insofar as the reference thereon provides no support thereof.

21.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 21 to the extent that Ex. 31 maintains that as of July 17, 2003, the accumulation value of the Policy was $30,907.04 and the monthly cost of insurance was $2,811.52 with costs increasing each month thereafter as Mr. Polep aged.

22.    Plaintiffs do not dispute that Ex. 31 sets forth that on or about June 17, 2004, the Policy's accumulation value was negative $229.41. Plaintiffs dispute the remaining allegation set forth in DSOUMF at paragraph 22. In this regard, Plaintiffs state that Mr. Shrair testified at deposition that he did not recall that he had ever seen Ex. 31. Shrair Dep. at 64-65.

23.    Plaintiffs dispute the facts as alleged in DSOUMF at paragraph 23. Plaintiffs state, rather, that Mr. Shrair did not receive Ex. 26 from Defendant. Shrair Dep. at 53-55. Mr. Shrair testified that he received Ex. 26, by facsimile transmission, from Mr. Polep. Id.

24.    Plaintiffs do not dispute that Defendant required such check and are without information sufficient to state whether said payment kept the Policy in force through August 17, 2004.

25.    Plaintiffs do not dispute the first sentence of DSOUMF at paragraph 25 and dispute the second sentence thereof to the extent that Mr. Aaronson testified at deposition that he "wouldn't have asked for (1) minimum premium to carry the Policy to 2005. So she probably misunderstood what I had asked for." Aaronson Dep. at 51.

26.    Plaintiffs do not dispute the first sentence of DSOUMF at paragraph 26 and dispute the second sentence thereof. In this regard, Mr. Aaronson testified that Ex. 5A shows that there is $71,000 needed over the two (2) year period when Mr. Polep would be

age 80 and 81. Aaronson Dep. at 49-50, 53, 54. Ex. 5A, page 11. Plaintiffs do not dispute that Ex. 5A represents the minimum age to keep the Policy in force and third subsequent years would be $47,000 per year. Aaronson Dep. at 54.

27.  Plaintiffs dispute the allegations set forth in DSOUMF at paragraph 27.

28.  Plaintiffs dispute the allegations set forth in DSOUMF at paragraph 28.

29.  Plaintiffs dispute the facts set forth in DSOUMF at paragraph 29 insofar as Mr. Shrair testified that he received Ex. 28 but does not know from whom he received Ex. 28. Shrair Dep. at 40-42.

30.  Plaintiffs do not dispute the facts as alleged in the first sentence of DSOUMF at paragraph 30 and dispute the second sentence thereof to the extent that Ex. 29 accurately states that, "we never received the letter which your company purportedly sent on October 17, 2004, which was allegedly a payment due notice". Emphasis added.

31.  Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 31 except the fifth sentence thereof, to which Plaintiffs are without information sufficient to comment thereon.

32.  Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 32.

REASSURE'S BUSINESS RECORDS AND PRACTICES

33.  Plaintiffs do not dispute that Ms. Cowens testified at deposition as set forth in paragraph 33. Plaintiffs do not dispute the facts as alleged in DSOUMF second and third paragraphs of DSOUMF at paragraph 33.

34.  Plaintiffs dispute the facts as alleged in the first sentence of DSOUMF at paragraph 34 insofar as Ms. Cowens did not testify that such documents were sent to "address of

record for each policy." Cowens Dep. at 22-24. In this regard, Ms. Cowens testified that notices are "mailed to the policy owner…." Id. at 24. Her testimony did not indicate that such notices were sent to any address of record for each policy. Plaintiffs do not dispute that Ms. Cowens testified as to the second and third sentences of DSOUMF at paragraph 34, but are without information to admit such sentences and dispute the fourth sentence thereof to the extent that the deposition references relied upon do not support such sentence. Plaintiffs state, further, that Ms. Cowens testified that notices are generated according to their issue date unless the policyowner has requested a different date or unless policy owner requests that no notice be produced. Id. at 27.

35. Plaintiffs dispute the facts alleged in DSOUMF at paragraph 35. The references cited do not support the allegations set forth in paragraph 35.

36. Plaintiffs dispute the facts alleged in DSOUMF at paragraph 36. In this regard, Mr. Shrair testified that he did not recall seeing the June 17, 2004 policy holder statement, Cowens Dep. Ex. 31. Moreover, Mr. Shrair testified "I have never received a payment – due notice or premium notice from Reassure or Maccabees, never." Id. at 54. Importantly, Plaintiffs did not receive the October 18, 2004 payment due notice. Cowens Dep. Ex. 27, Shrair Dep. 89-90.

37. Plaintiffs do not dispute that Ms. Cowens testified as to the facts alleged in DSOUMF at paragraph 37.

38. Plaintiffs do not dispute that Ms. Cowens testified as to the facts alleged in DSOUMF at paragraph 38.

39.    Plaintiffs do not dispute that Ms. Cowens testified as to the facts alleged in DSOUMF
       at paragraph 39.

40.    Plaintiffs do not dispute that Ms. Cowens testified as to the facts alleged in DSOUMF
       at paragraph 40. Plaintiffs further state that such review is a sampling of transmittals,
       and that Ms. Cowens testified that, to her knowledge, the Policy had never been
       subject to such audit. Cowens Dep. at 79.

41.    Plaintiffs do not dispute that Ms. Cowens testified as set forth in DSOUMF at
       paragraph 41. Plaintiffs dispute the first sentence in said paragraph 41 insofar as Ms.
       Cowens testified that to her knowledge the Policy had never been subject to an audit.
       Id. at 79. Moreover, Ms. Cowens testified that Reassure does not audit the activities
       of National Presort. National Presort conducts Presort mailing. Id. at 80-81.

42.    Plaintiffs do not dispute that Ms. Cowens testified as to the facts set forth in the first
       sentence of DSOUMF at paragraph 42. Plaintiffs dispute the second sentence of said
       paragraph 42 to the extent that Ms. Cowens testified that she was not aware of any
       such complaints. Ms. Cowens did not testify that "Reassure" had no knowledge of
       any particularized complaints. Id. at 81.

DISCUSSIONS ABOUT THE POLICY – JULY – NOVEMBER, 2004

JAMES AARONSON

43.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 43 except that the
       references relied upon do not establish that Hillard Aaronson "solicited" Mr. Polep.

44.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 44.

45.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 45.

46.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 46.

47.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 47.

48.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 48.

49.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 49.

50.    Plaintiffs do not dispute that Mr. Aaronson testified that he was "putting together this letter, and thought it was important for the – for them to decide how they were going to pay for the Policy," and that Mr. Shrair testified that he thought "Mr. Polep asked [Mr. Aaronson] to call me. And his answer to me was he didn't know anything about this Policy, but he would try to help him out if he could." Mr. Shrair further testified that Mr. Aaronson did not ask Mr. Shrair about the Policy, its status or premiums. Aaronson Dep. at 43. Shrair Dep. at 69 – 70.

51.    Plaintiffs dispute that the "street address of record on the Policy was 1380 Main Street, in Springfield, MA," to the extent that Mr. Aaronson testified that said address "refers to the address of the trustee," and nothing more. Plaintiffs do not dispute the remaining facts as alleged by DSOUMF at paragraph 51.

52.    Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 52. Plaintiffs note, however, that Mr. Aaronson testified that the facsimile transmission was dated July 23, 2004, and not that he received such facsimile transmission on that date.

53.    Plaintiffs do not dispute that Mr. Aaronson testified that he mailed a letter to David Shrair concerning his study of the Policy and sent a copy the letter to Mr. Polep. Mr. Shrair testified that he did not believe that he had exchanged any correspondence with Mr. Aaronson. Aaronson Dep. at 42, 43, 58-59; Ex. 4. Shrair Dep. at 71. Mr. Aaronson further testified that he "called Mr. Shrair back and said [he] hadn't heard anything on the letter, did you decide what to do?" Aaronson Dep. at 59.

54.     Plaintiffs do not dispute that Ex. 4 sets forth the language in DSOUMF at said
        paragraph 54.

55.     Plaintiffs do not dispute that Ex. 4 sets forth the language in DSOUMF at paragraph
        55.

56.     Plaintiffs do not dispute that Mr. Aaronson testified as set forth in DSOUMF at
        paragraph 56.

57.     Plaintiffs do not dispute that Mr. Aaronson testified as set forth in DSOUMF at
        paragraph 57.

58.     Plaintiffs does not dispute that Mr. Aaronson testified as set forth in DSOUMF at
        paragraph 58.  Mr. Shrair testified that he did not recall transmitting correspondence
        to Mr. Aaronson.  Shrair Dep. at 71.

59.     Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 59.

60.     Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 60.

### J. ROCKWELL ALLEN

61.     Plaintiffs do not dispute facts alleged in the first sentence of DSOUMF at paragraph
        61 and dispute the second sentence thereof to the extent that Mr. Allen testified that
        Jeffrey Polep and Mortimer Polep asked him to consider a role in providing "over-all
        coordination to consolidate [Mort and Anne's] holdings and assist them in generating
        sufficient income to meet their living expenses."  Allen Dep. at 24.

62.     Plaintiffs do not dispute the facts as alleged in DSOUMF at paragraph 62 except to
        note that reference to the first sentence thereof should be to Allen Dep. and not
        Aaronson Dep.

63.     Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 63.

64.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 64.

65.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 65.

66.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 66.

67.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 67.

68.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 68.

69.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 69.

70.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 70.

71.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 71.

72.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 72.

73.    Plaintiffs do not dispute the facts alleged in DSOUMF at paragraph 73.

### PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS IN DISPUTE

74.    Pursuant to the terms and conditions of the Policy, all notices relating to the Policy were to be sent to the Trust's address, "Attorney David A. Shrair, Trustee, 1380 Main Street, 5th Floor, Springfield, MA 01103. Shrair Dep. Ex. 3 024-Q.24.

75.    At no time did Plaintiffs, Mr. Polep or anyone on Mr. Polep's behalf request that the transmittal of notices pursuant to the Policy cease. Cowen Dep. at 27. Ex. 15. Affidavit of David A. Shrair at para. 2. At no time did Defendant or its predecessor advise Plaintiffs or Mr. Polep that it had suspended billing or Notice transmittal relating to the Policy. Id. at para. 3. The Notices Plaintiffs received since 1993 reasonably lead Plaintiffs to rely upon the ongoing transmittal of Notices to Plaintiffs to their detriment. Id. at para. 4. In this regard, Mr. Aaronson's June 13, 1993 correspondence to Michael Bader did not request that transmittal bills be suspended. Cowen Dep. at 36, Ex. 15.

76.    All notices pursuant to the Policy, including but not limited to Payment Due Notices and Premium Notices, were not sent to Attorney David A. Shrair, 1380 Main Street, Springfield, MA  01103.  Verified Complaint – paras. 9, 11, 16, 19, 24, 27, 30, 33, and 38.  Shrair Dep. at 53-55, 64, 65, Affidavit of David A. Shrair at para. 5.

77.    Defendant is unable to establish whether premium payment notices relating to the Policy were transmitted during the period 1993 - 2004.  Cowen Dep. at 83.

78.    Neither Plaintiffs nor Mr. Polep received Defendant's October 18, 2004 Payment Due Notice.  Shrair Dep. Ex. 40, Shrair Dep. -54,88-90,  Cowens Dep. Ex. 29.  Affidavit of David A. Shrair, at para. 5; Deposition of Mortimer Polep at 13-14.

79.    Defendant is unable to establish that the June 17, 2004 Annual Report, June 17, 2004 Payment Due Notice and October 18, 2004 Payment Due Notice were mailed to Plaintiffs or to Mr. Polep.  Cowens Dep. at 98-101.

80.    Defendant did not transmit the October 18, 2004 Payment Due Notice to Plaintiffs at the Trust's address pursuant to the terms and conditions of the Policy.  Verified Complaint para. 9, Shrair Dep. 88-90, Affidavit of David A. Shrair at para. 5.

81.    Plaintiffs did not receive the October 18, 2004 Payment Due Notice until after November 17, 2004.  Shrair Dep. at 88-90.  Affidavit of David A. Shrair at para. 5.

82.    Plaintiffs and Mr. Polep relied, to their detriment, upon Defendant's agreement to transmit notices to the Trust at the Trust's address as set forth in the Policy.  Id. at para. 4.

83.    During the period 1986 – 2004, Defendant transmitted certain notices to Mr. Polep at his residential address and not to the Trust's address, as required by the Policy.  Cowens Dep. at 72-74.

Respectfully submitted,
The Plaintiffs, David A. Shrair and
Anne Polep, Trustees of the
Mortimer Polep Irrevocable Trust

Date:  May 3, 2006

By:  _____
Mark D Mason, Esq.
BBO#:  544936
Cooley, Shrair P.C.
1380 Main Street, 5th Flr.
Springfield, MA  01103
Tel:  (413) 735-8040
Fax:  (413) 733-3042

## CERTIFICATE OF SERVICE

I, Mark D Mason, Esq. hereby certify that on the 3rd day of May, 2006 I served a copy of the foregoing document via electronic filing to:

Edward S. Rooney, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
One International Place, 18th Flr.
Boston, MA  02110

_____ /s/ _____
Mark D Mason, Esq.

13902\2\91899

13

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30041-MAP

| | |
|---|---|
| DAVID A. SHRAIR and ANNE | ) |
| POLEP, Trustees of the Mortimer | ) |
| Polep Irrevocable Trust, | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| REASSURE AMERICA LIFE | ) |
| INSURANCE COMPANY, | ) |
|     Defendant | ) |

PLAINTIFFS' APPENDIX I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05-30041-MAP

DAVID A. SHRAIR and
ANNE POLEP, Co-Trustees
of the Mortimer Polep
Irrevocable Trust
            Plaintiffs

vs

REASSURE AMERICA LIFE
INSURANCE COMPANY
            Defendant

DEPOSITION OF MORTIMER POLEP

December 16, 2005, 3:10

Residence of Mortimer Polep

177 Lynnwood Drive

Longmeadow, Massachusetts

Ann A. Preston
Certified Shorthand Reporter

REAL-TIME COURT REPORTING
1331 Main Street                    807 Main Street
Springfield, MA   01103      Worcester, MA   01610
413.732.1157                        508.612.3432

## APPEARANCES

COOLEY SHRAIR
1380 Main Street
Springfield, MA  01103
BY:  MARK D. MASON, ESQ.
(413) 735-8040
Representing the Plaintiffs


ECKERT, SEAMANS, CHERIN AND MELLOTT, LLC
One International Place
Boston, MA  02110
BY:  EDWARD S. ROONEY, SR., ESQ.
(617) 342-6800
Representing the Defendant


In Attendance:
Anne Polep
Jeffrey Polep
Desiree Demos

13

```
1          A.   Do I know -- the owners, I would

2    imagine, without question is probably my wife, my

3    son, and my daughter; but I'm not aware of that.

4               MR. ROONEY:  No further

5          questions.

6               MR. MASON:  Off the record.

7               (A break was taken)

8               MR. MASON:  Back on the record.

9

10    CROSS EXAMINATION BY MR. MASON:

11          Q.   Mr. Polep, I'm going to show you a

12    document that is dated October 18, 2004, from

13    Reassure.  It says "Payment Due Notice," and I

14    want to ask you whether or not you've ever seen

15    this document before?

16          A.   No, I have not.

17               MR. MASON:  For the record, that

18               is Exhibit Number 27 from the Cowan's

19               C-O-W-A-N-S, deposition.

20          Q.   (By Mr. Mason)  Mr. Polep, I have one

21    other document to show you, which is a

22    November 17, 2004 letter, also from Reassure, and

23    ask you whether or not you've ever seen that

24    letter before?
```

```
 1            A.   I have never seen this before.

 2                 MR. MASON:  For the record, that

 3            document was Exhibit Number 28 from

 4            the Cowan's deposition.

 5                 I have no further questions.

 6            Thank you.

 7

 8                 (Deposition concluded at 3:20)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1

 2      COMMONWEALTH OF MASSACHUSETTS

 3      HAMPDEN, SS.

 4
              I, Ann A. Preston, a Notary Public in
 5      and for the Commonwealth of Massachusetts, do
        certify that there came before me on December 16,
 6      2005, at the residence of Mortimer Polep,
        177 Lynnwood Drive, Longmeadow, Massachusetts,
 7      the following named person, to wit:  MORTIMER
        POLEP, who was by me duly sworn to testify to the
 8      truth and nothing but the truth as to his
        knowledge concerning the matters in this case;
 9      that he was examined upon his oath and his
        examination reduced to writing by me; and that
10      the statement is a true record of the testimony
        given by the witness, to the best of my knowledge
11      and ability.

12              I further certify that I am not a relative
        or employee of counsel or attorney for any of the
13      parties, or a relative or employee of such
        counsel or attorney, nor am I financially or
14      otherwise interested in the outcome of the
        action.
15
        WITNESS MY HAND this 13th day of January 2006.
16

17

18      _____
                          Ann A. Preston
19

20      My commission expires:
        December 22, 2011
21

22

23

24
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30041-MAP

| | |
|---|---|
| DAVID A. SHRAIR and ANNE ) <br> POLEP, Trustees of the Mortimer ) <br> Polep Irrevocable Trust, ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> REASSURE AMERICA LIFE ) <br> INSURANCE COMPANY, ) <br>     Defendant ) | AFFIDAVIT OF DAVID A. SHRAIR, ESQ. |

I, David A. Shrair, Esquire do hereby affirm and state as follows:

1.  I am one of the Trustees of the Mortimer Polep Irrevocable Trust.

2.  At no time did the Trustees of the Mortimer Polep Irrevocable Trust or Mr. Polep request that a "suspend code" be placed on Royal Maccabees Mutual Life Insurance Company Insurance Policy Number 4040-220 (hereinafter referred to as the "Policy").

3.  At no time did Reassure America Life Insurance Company (hereinafter referred to as "Reassure") or its predecessor advise Plaintiffs or Mr. Polep that it had suspended billing or Notice transmittal relating to the Policy.

4.  The Notices Plaintiffs received since 1993 reasonably led Plaintiffs and Mr. Polep to rely upon the ongoing transmittal of Notices to Plaintiffs to their detriment.

5.  Neither I nor Mr. or Mrs. Polep received the October 18, 2004 Payment Due Notice until November 24, 2004. In general, I did not receive all Notices pursuant to the Policy, including but not limited to Payment Due Notices and Premium Notices.

Signed and sealed under the pains and penalties of perjury this 3rd day of May, 2006

_____/s/_____
David A. Shrair, Esq.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30041-MAP

DAVID A. SHRAIR and ANNE          )
POLEP, Trustees of the Mortimer   )
Polep Irrevocable Trust,          )
    Plaintiffs                    )
                                  )
v.                                )
REASSURE AMERICA LIFE             )
INSURANCE COMPANY,                )
    Defendant                     )

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Now come the Plaintiffs in the above-captioned matter and hereby oppose the

Defendant's Motion for Summary Judgment on the grounds that there exist substantial and

material facts in dispute which present a genuine issue for trial.  The Plaintiffs incorporate herein

their Response to Defendant's Statement of Undisputed Material Facts as well as their Statement

of Additional Facts in Dispute as set forth in Plaintiffs' Opposition  prepared in accordance with

Fed. Rule Civ. P. 56 and Local Rule 56.1.  Factual references in Plaintiff's Memorandum of Law

are to the underlying sources cited in Plaintiffs' Opposition to Defendant's Motion for Summary

Judgment.  As further grounds, the Plaintiffs set forth their Memorandum of Law below.

### II.    SUMMARY JUDGMENT STANDARD

Summary Judgment may enter only where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, show that there is no genuine

issue of material fact and that the moving party is entitled to a judgment as a matter of law."

1

Fed.R.Civ.P. 56(c). The moving party must show that the nonmoving party has failed to establish an essential element of their claim, with respect to which they have the burden of proving at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must insist that the party opposing the motion not rest upon "mere allegations," but go beyond the pleadings and by his or her "own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324. But the court should do no more than this in reviewing the quality of the evidence. Anderson, 477 U.S. at 249. The court should "look at the record...in the light most favorable to...the party opposing...the motion...and indulge all inferences favorable to the party opposing the motion." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486 (1962)). "If after this canvassing of the material presented, the court finds that some genuine factual issue remains in the case, whose resolution one way or another could affect its outcome, the court must deny the motion". Anderson, 477 U.S. 242, 106 S.Ct. 2505.

The Defendant is not entitled to Summary Judgment herein whereas it has failed to meet its burden of demonstrating that there exists no material issue of fact to be proven at trial.

### III.    ARGUMENT

1.    Pursuant to the Terms and Conditions to the Policy, Defendant was Required to Give Notice to Plaintiffs at Plaintiffs' Designated Address.

The Policy provides for issuance of Premium Payment Notices in two (2) circumstances. First, Premium Payment Notices are to be sent upon written request of the Owner. Shrair Dep. Ex. 3, p. 008 ("Payment"). Second, Policy Notices are to be sent to the Owner and Assignee, if

any, "whenever the policy loan plus accrued interest equals or exceeds the Cash Value of this Policy" and within thirty (30) days of termination. Id. at 012 ("Repayment and Termination").

Pursuant to the Policy, "Premium Payment Reminder Notices will be sent to the Owner upon written request. The notices may be sent annually, semi-annually, or quarterly." Shrair Dep. – Ex.3, p. 008-"Payment." Defendant's representative, Ms. Cowens, ratified such Policy provision in testifying that, "The actual –the Policies are programmed on the system by issue date, and notices are generated by – according to their issue date, <u>unless policyowner has requested a different date, or unless policyowner requests that no notice be produced, the notices – payment notices go out prior to the premium due date, they are generated and are mailed prior to the premium due date."</u> Cowens Dep. at 27. (Emphasis added.) The Policy is clear; Ms. Cowens' testimony was unequivocal: Premium Payment Notices are to be sent to a policyowner upon written request. In this regard, deference should be given to the plain words of the Policy. <u>Rocci v. Massachusetts Accident Co.,</u> 222 Mass. 336 (1916).

The Policy set forth a specific written request that all notices be sent to "Attorney David A. Shrair, Trustee, re: Mortimer A. Polep, 1380 Main Street, 5th Floor, Springfield, MA 01103." Shrair Dep. Ex.3 024 Q.24. Such written request was set forth in Mr. Polep's Application for the Policy. The Application was incorporated and merged into the Policy once the Policy issued. In this regard, Reassure has indicated that the Policy including the Application constitute "a duplicate of Policy No. 04040220." Shrair Dep. Ex. 3 – 001. Cowen Dep. at 15.

Defendant incorrectly asserts that the imposition of a billing "suspend code" in the Policy relieved Defendant of its contractual obligation to transmit notices pursuant to the Policy. Neither Mr. Polep nor Plaintiffs requested that a billing "suspend code" be placed on the Policy. Defendant's predecessor unilaterally placed a "suspend code" on the Policy in 1993. Cowens

Dep. at 35-39. Affidavit of David A. Shrair at paras. 2, 3. Defendant's argument, in this regard, turns the Policy's contractual requirement that written notices be sent to the Trust, at the Trust's address, on its head. The Policy contains no contractual provision for a Policyholder to request resumption of notice transmittal. Defendant's argument is particularly misplaced whereas at no time did Defendant or its predecessors advise Plaintiffs that it had suspended billing without Plaintiffs' authority. Id. at para. 3. Indeed, the notices Plaintiffs received during such period reasonably led Plaintiffs to rely upon the ongoing transmittal of notices to Plaintiffs. Cowens Dep. at 44, 46-48, 53-54. Exs. 17-19, Affidavit of David Shrair at para. 4. Notably, Ms. Cowens testified that the transmittal of Premium Payment Notices, as set forth in her Deposition at Ex. 22, would be inconsistent with the existence of a "suspend code." Id. at 88, Ex. 22.

Lastly, Defendant cannot defeat its contractual obligation to provide notice to Plaintiffs by insisting that Plaintiffs were on "actual notice" of lapse. In this regard, Mr. Shrair testified that he was not aware that the Policy was under-funded and in danger of lapsing. Shrair Dep. at 88.

2.    There Exists Genuine Issues of Material Facts Relating To Defendant's Failure to Send Notices to Plaintiffs Pursuant to the Policy

The statements set forth in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment create genuine issues of material facts whether Defendant breached the Policy and Massachusetts law in failing to transmit notices to the Trust, at the Trust's address, pursuant to the Policy. In particular, Ms. Cowen testified that notices were transmitted to Mr. Polep at his residential address, on certain occasions. Cowens Dep. at 72-74, Ex. 22. Mr. Shrair testified that he received Defendant's June 17, 2004 Payment Due Notice, by facsimile transmission, from Mr. Polep's residence. Shrair Dep. 53-54, Ex.3E.

The fact that Mr. Shrair received a fax of the June 17, 2004 Payment Due Notice from Mr. Polep's residence may reasonably lead a factfinder to conclude that such Notice was transmitted to Mr. Polep's residence and not to the Trust at the Trust's address. At a minimum, the June 17, 2004 Premium Payment Notice, Ex. 3E, creates a sufficient genuine issue of material fact meriting denial of Plaintiffs' instant Motion. Indeed, the transmittal of the June 17, 2004 Premium Payment Notice directly to Mr. Polep constitutes an abbrogation of the Policy's provisions requiring transmittal of such Notice to "the last known address of the 'Owner'." Id. at Ex. 3, pp. 008, 012. Likewise, the failure to transmit the October 18, 2004 Payment Due Notice to the "last known address of the 'Owner' " constitutes a breach of the Policy's Notice Provisions. Id. Affidavit of David A. Shrair at para. 5.

Defendant has failed to meet its burden in demonstrating that the October 18, 2004 Payment Due Notice was sent. In this regard, M.G.L. c. 175 § 110B provides, in pertinent part, as follows:

> The affidavit of any officer, clerk or agent of the company, or of any other person authorized to mail such notice, that the notice required by this section has been duly mailed by the company in the manner herein before required, shall be prima facie evidence that such notice was duly given.

Id.

Other than Ms. Cowens' testimony, Defendant has set forth no affidavit as required by statute. Importantly, Ms. Cowens did not testify that the June 17, 2004 Payment Due Notice, Ex. 26, the June 17, 2004 Annual Report, Ex. 31, and the October 18, 2004 Payment Due Notice, Ex. 27, were transmitted. Cowens Dep. at Ex. 98-101. Further, Ms. Cowens could not testify that when Defendant assumed Royal Maccabees's policies, that all information relating to the Policy was transmitted to Defendant. Cowens Dep. at 87. Lastly, no entity has ever performed an audit

relating to the audit in order to determine whether or not all notices were properly transmitted. Id. at 79.

The cases Defendant relies upon stand in stark contrast to the facts presented herein. None of the cases Defendant relies upon present facts wherein Defendant could not specifically demonstrate that the correspondence at issue had been mailed. In Smith v. Smith, 42 B. R. 927 (D. Mass. 1984), the Court stated that in order to benefit from the presumption that a properly mailed article has been received by the addressee, the addressor must "first prove proper mailing." Id. at 931. "To do so, this party must show that: (1) the letter was addressed properly; (2) sufficient postage was affixed to the letter; (3) the letter was properly deposited in the mail." Id. citing Simpson v. Jefferson Standard Life Insurance Co., 465 F.2d 1320 (6th Cir. 1972); 1A Wigmore on Evidence, Section 95 (1983); 9 Wigmore on Evidence, Section 2519 (1981).

Defendant fails to meet its burden at every level of such standard. Defendant offers no specific proof that the October 18, 2004 Payment Due Notice was, in fact, mailed to Mr. Shrair at the address specified on the Policy. In this regard, Ms. Cowens testified that a number of third party entities were responsible for the mailing of such Notices. Cowens Dep. at 80-81. Importantly, Ms. Cowens acknowledged instances when other policyholders contacted Defendant to indicate they failed to receive notices. Id. at 79.

Plaintiffs have rebutted Defendant's allegation that the October 15, 2004 Payment Due Notice was mailed. "While there has long been recognized a presumption that properly mailed articles are received by the addressee, the party wishing the benefit of this presumption must first prove proper mailing." Smith v. Smith, 42 B.R. 927 (D. Mass. 1984). As set forth above, Plaintiffs have demonstrated that certain notices were mailed to Mr. Polep at his residence in violation of the terms and conditions of the Policy. Plaintiffs have adduced evidence that the

October 18, 2004 Premium Payment Notice was not received on a timely basis. Shrair Dep. at 88-90. Affidavit of David A. Shrair at para. 5. Mortimer Polep Dep. at 13,14. The introduction of such evidence rebuts Defendant's allegation that the October 18, 2004 Payment Due Notice was mailed. As such, Plaintiffs rebut any prima facie showing of mailing.

Well-settled Massachusetts caselaw provides that the mailing and the non-receipt of documents by Attorney Shrair, raises a question of fact that is properly decided by a jury. See Anderson v. Billerica, 309 Mass 516 (1941) ("The mailing, postage prepaid...of a properly addressed letter is prima facie evidence of its receipt by the addressee, and when there is evidence that it was not received the question becomes one of fact.") (Emphasis added.); see also Avisais' Case, 285 Mass. 56 (1933) (Whether prima facie evidence is overcome is a question of fact.); Liberty Mutual Ins. Co., 298 Mass. 75 (1937) ("The mail is not infallible, however, and in the face of a statement, supported by affidavit, of counsel in open court that the notice has not been received we are not inclined to assume that the notice was actually received by the insurer even though a like notice was received by the employee."); Hobart-Farrell Plumbing & Heating Co. v. William Klayman & others, 302 Mass. 508 (1939) ("As soon as evidence is introduced that warrants a finding that the letter failed to reach its destination, the artificial compelling force of the *prima facie* evidence disappears, and the evidence of non-delivery has to be weighed against the likelihood that the mail service was efficient in the particular instance, with no artificial weight on either side of the balance...The evidence presented a pure question of fact."); Blunsden v. Marks, 2001 WL 771184 (Mass. Super. 2001) (Quoting Hobart-Farrell Plumbing in its reasoning that the non-receipt of a letter raises a question of fact.); Eveland v. Lawson, 240 Mass 99 (1921) (Plaintiff proves letter was sent and Defendant is unable to prove that it was not received.); Briggs v. Hervey, 130 Mass 186, 188 (1881) (Jury alone has the right to weigh

evidence and decide whether letters are received.); Tobin v. Taintor, 229 Mass 174, 175 (1918)

(Notwithstanding testimony of defendant that he did not receive letter, the question was one of

fact for the jury.); Huntley v. Whittier, 105 Mass 391, 392 (1870) (Presumption raised by

evidence that letter was mailed is not a presumption of fact but a "mere inference of fact". Jury

must weigh evidence and decide the question of fact.)

The Kansas and Georgia cases Defendant relies upon are not persuasive whereas Kansas

and Georgia state laws are in stark contrast to the law of Massachusetts. The common laws of

Kansas and Georgia do not construe whether a letter was properly delivered and received by the

recipient to be a question of fact. In Kansas and Georgia, the court only looks to whether the

sender mailed the notice. Federal Kemper Life Assurance Co. v. Ellis, 28 F.3d 1033 (10th Cir.

1994); see also Bell v. Patrons Mut. Ins. Assn, 816 P.2d 407 (Kan. App. 1991); Yessick v.

Midland Life Ins. Co., 178 F.Supp.2d 1301 (N.C.Ga 2001).

Plaintiffs reliance upon Defendant's agreement to provide Notices pursuant to the

Policy sounds in Equitable Estoppel. Massachusetts law recognizes that the "essential factors

giving rise to an estoppel are … (1) A representation or conduct amounting to a representation

intended to induce a course of conduct on the part of the person to whom the representation is

made. (2) An act or omission resulting from the representation, whether actual or by conduct, by

the person to whom the representation is made. (3) Detriment to such person as a consequence

of the act or omission." Greenwood v. Martins Bank, Ltd. (1933) A.C. 51, 57, cited with

approval in Cleaveland v. Malden Sav. Bank, 291 Mass. 295, 297-298 (1935); Industrial

Bankers of Mass. Inc. v. Reid, Murdoch & Co., 297 Mass. 119, 124 (1937); Celluci v. Sun Oil

Co., 2 Mass.App.Ct. 722 (1974); Boylston Development Group, Inc. v. 22 Boylston Street Corp.,

412 Mass. 531, 542 (1992); Jerome J. Donovan, Third's Case; 58 Mass.App.Ct. 566, 791 N.E.

2d. 388. Otherwise stated, "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable." Boston & Albany Railroad v. Reardon, 226 Mass. 286, 291.

The facts alleged in the Plaintiffs' Complaint, along with the documentary evidence before this Court, establish representations or conduct amounting to representations intended to induce the Plaintiffs to enter into a course of conduct in relation to the Policy. In particular, Plaintiffs relied upon Defendant to transmit all Notices to Plaintiffs at its designated address. Plaintiffs relied upon Defendant to send such Notices and acted, accordingly, to their detriment.

## IV.    CONCLUSION

Pursuant to the terms and conditions of the Policy, Defendant had an obligation to transmit all written notices to Plaintiffs at Mr. Shrair's address. Defendant breached such obligation to Plaintiffs on multiple occasions. In its ultimate breach, Defendant failed to give Plaintiffs proper notification of the Policy lapse. In this regard, Plaintiffs have rebutted Defendant's unsupported allegation of transmittal of the October 18, 2004 Payment Due Notice. In light of well-settled Massachusetts caselaw that the purported mailing and the non-receipt of mail is a pure question of fact, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,
The Plaintiffs, David A. Shrair and
Anne Polep, Trustees of the
Mortimer Polep Irrevocable Trust

Date:  May 3, 2006                    By:  _____ /s/ _____
                                           Mark D Mason, Esq.
                                           BBO#:  544936
                                           Cooley, Shrair P.C.
                                           1380 Main Street, 5th Flr.
                                           Springfield, MA  01103
                                           Tel:  (413) 735-8040
                                           Fax:  (413) 733-3042

## CERTIFICATE OF SERVICE

I, Mark D Mason, Esq. hereby certify that on the 3rd day of May, 2006 I served a copy of the foregoing document via electronic filing to:

Edward S. Rooney, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
One International Place, 18th Flr.
Boston, MA  02110

_____ /s/ _____
Mark D Mason, Esq.