UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30041-MAP

DAVID A. SHRAIR and ANNE )
POLEP, Trustees of the Mortimer )
Polep Irrevocable Trust, )
    Plaintiffs )
)
v. )
REASSURE AMERICA LIFE )
INSURANCE COMPANY, )
    Defendant )

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Now come the Plaintiffs in the above-captioned matter and hereby oppose the Defendant's Motion for Summary Judgment on the grounds that there exist substantial and material facts in dispute which present a genuine issue for trial. The Plaintiffs incorporate herein their Response to Defendant's Statement of Undisputed Material Facts as well as their Statement of Additional Facts in Dispute as set forth in Plaintiffs' Opposition prepared in accordance with Fed. Rule Civ. P. 56 and Local Rule 56.1. Factual references in Plaintiff's Memorandum of Law are to the underlying sources cited in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment. As further grounds, the Plaintiffs set forth their Memorandum of Law below.

### II.   SUMMARY JUDGMENT STANDARD

Summary Judgment may enter only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

13902\2\92096                                1

Fed.R.Civ.P. 56(c). The moving party must show that the nonmoving party has failed to establish an essential element of their claim, with respect to which they have the burden of proving at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must insist that the party opposing the motion not rest upon "mere allegations," but go beyond the pleadings and by his or her "own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324. But the court should do no more than this in reviewing the quality of the evidence. Anderson, 477 U.S. at 249. The court should "look at the record...in the light most favorable to...the party opposing...the motion...and indulge all inferences favorable to the party opposing the motion." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486 (1962)). "If after this canvassing of the material presented, the court finds that some genuine factual issue remains in the case, whose resolution one way or another could affect its outcome, the court must deny the motion". Anderson, 477 U.S. 242, 106 S.Ct. 2505.

The Defendant is not entitled to Summary Judgment herein whereas it has failed to meet its burden of demonstrating that there exists no material issue of fact to be proven at trial.

### III.   ARGUMENT

1.  **Pursuant to the Terms and Conditions to the Policy, Defendant was Required to Give Notice to Plaintiffs at Plaintiffs' Designated Address.**

The Policy provides for issuance of Premium Payment Notices in two (2) circumstances. First, Premium Payment Notices are to be sent upon written request of the Owner. Shrair Dep. Ex. 3, p. 008 ("Payment"). Second, Policy Notices are to be sent to the Owner and Assignee, if

any, "whenever the policy loan plus accrued interest equals or exceeds the Cash Value of this Policy" and within thirty (30) days of termination. Id. at 012 ("Repayment and Termination").

Pursuant to the Policy, "Premium Payment Reminder Notices will be sent to the Owner upon written request. The notices may be sent annually, semi-annually, or quarterly." Shrair Dep. – Ex.3, p. 008-"Payment." Defendant's representative, Ms. Cowens, ratified such Policy provision in testifying that, "The actual –the Policies are programmed on the system by issue date, and notices are generated by – according to their issue date, <u>unless policyowner has requested a different date, or unless policyowner requests that no notice be produced, the notices – payment notices go out prior to the premium due date, they are generated and are mailed prior to the premium due date."</u> Cowens Dep. at 27. (Emphasis added.) The Policy is clear; Ms. Cowens' testimony was unequivocal: Premium Payment Notices are to be sent to a policyowner upon written request. In this regard, deference should be given to the plain words of the Policy. Rocci v. Massachusetts Accident Co., 222 Mass. 336 (1916).

The Policy set forth a specific written request that all notices be sent to "Attorney David A. Shrair, Trustee, re: Mortimer A. Polep, 1380 Main Street, 5th Floor, Springfield, MA 01103." Shrair Dep. Ex.3 024 Q.24. Such written request was set forth in Mr. Polep's Application for the Policy. The Application was incorporated and merged into the Policy once the Policy issued. In this regard, Reassure has indicated that the Policy including the Application constitute "a duplicate of Policy No. 04040220." Shrair Dep. Ex. 3 – 001. Cowen Dep. at 15.

Defendant incorrectly asserts that the imposition of a billing "suspend code" in the Policy relieved Defendant of its contractual obligation to transmit notices pursuant to the Policy. Neither Mr. Polep nor Plaintiffs requested that a billing "suspend code" be placed on the Policy. Defendant's predecessor unilaterally placed a "suspend code" on the Policy in 1993. Cowens

Dep. at 35-39. Affidavit of David A. Shrair at paras. 2, 3. Defendant's argument, in this regard, turns the Policy's contractual requirement that written notices be sent to the Trust, at the Trust's address, on its head. The Policy contains no contractual provision for a Policyholder to request resumption of notice transmittal. Defendant's argument is particularly misplaced whereas at no time did Defendant or its predecessors advise Plaintiffs that it had suspended billing without Plaintiffs' authority. Id. at para. 3. Indeed, the notices Plaintiffs received during such period reasonably led Plaintiffs to rely upon the ongoing transmittal of notices to Plaintiffs. Cowens Dep. at 44, 46-48, 53-54. Exs. 17-19, Affidavit of David Shrair at para. 4. Notably, Ms. Cowens testified that the transmittal of Premium Payment Notices, as set forth in her Deposition at Ex. 22, would be inconsistent with the existence of a "suspend code." Id. at 88, Ex. 22.

Lastly, Defendant cannot defeat its contractual obligation to provide notice to Plaintiffs by insisting that Plaintiffs were on "actual notice" of lapse. In this regard, Mr. Shrair testified that he was not aware that the Policy was under-funded and in danger of lapsing. Shrair Dep. at 88.

2. **There Exists Genuine Issues of Material Facts Relating To Defendant's Failure to Send Notices to Plaintiffs Pursuant to the Policy**

The statements set forth in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment create genuine issues of material facts whether Defendant breached the Policy and Massachusetts law in failing to transmit notices to the Trust, at the Trust's address, pursuant to the Policy. In particular, Ms. Cowen testified that notices were transmitted to Mr. Polep at his residential address, on certain occasions. Cowens Dep. at 72-74, Ex. 22. Mr. Shrair testified that he received Defendant's June 17, 2004 Payment Due Notice, by facsimile transmission, from Mr. Polep's residence. Shrair Dep. 53-54, Ex.3E.

The fact that Mr. Shrair received a fax of the June 17, 2004 Payment Due Notice from Mr. Polep's residence may reasonably lead a factfinder to conclude that such Notice was transmitted to Mr. Polep's residence and not to the Trust at the Trust's address. At a minimum, the June 17, 2004 Premium Payment Notice, Ex. 3E, creates a sufficient genuine issue of material fact meriting denial of Plaintiffs' instant Motion. Indeed, the transmittal of the June 17, 2004 Premium Payment Notice directly to Mr. Polep constitutes an abbrogation of the Policy's provisions requiring transmittal of such Notice to "the last known address of the 'Owner'." Id. at Ex. 3, pp. 008, 012. Likewise, the failure to transmit the October 18, 2004 Payment Due Notice to the "last known address of the 'Owner' " constitutes a breach of the Policy's Notice Provisions. Id. Affidavit of David A. Shrair at para. 5.

Defendant has failed to meet its burden in demonstrating that the October 18, 2004 Payment Due Notice was sent. In this regard, M.G.L. c. 175 § 110B provides, in pertinent part, as follows:

> The affidavit of any officer, clerk or agent of the company, or of any other person authorized to mail such notice, that the notice required by this section has been duly mailed by the company in the manner herein before required, shall be prima facie evidence that such notice was duly given.

Id.

Other than Ms. Cowens' testimony, Defendant has set forth no affidavit as required by statute. Importantly, Ms. Cowens did not testify that the June 17, 2004 Payment Due Notice, Ex. 26, the June 17, 2004 Annual Report, Ex. 31, and the October 18, 2004 Payment Due Notice, Ex. 27, were transmitted. Cowens Dep. at Ex. 98-101. Further, Ms. Cowens could not testify that when Defendant assumed Royal Maccabees's policies, that all information relating to the Policy was transmitted to Defendant. Cowens Dep. at 87. Lastly, no entity has ever performed an audit

relating to the audit in order to determine whether or not all notices were properly transmitted. Id. at 79.

The cases Defendant relies upon stand in stark contrast to the facts presented herein. None of the cases Defendant relies upon present facts wherein Defendant could not specifically demonstrate that the correspondence at issue had been mailed. In Smith v. Smith, 42 B. R. 927 (D. Mass. 1984), the Court stated that in order to benefit from the presumption that a properly mailed article has been received by the addressee, the addressor must "first prove proper mailing." Id. at 931. "To do so, this party must show that: (1) the letter was addressed properly; (2) sufficient postage was affixed to the letter; (3) the letter was properly deposited in the mail." Id. citing Simpson v. Jefferson Standard Life Insurance Co., 465 F.2d 1320 (6th Cir. 1972); 1A Wigmore on Evidence, Section 95 (1983); 9 Wigmore on Evidence, Section 2519 (1981).

Defendant fails to meet its burden at every level of such standard. Defendant offers no specific proof that the October 18, 2004 Payment Due Notice was, in fact, mailed to Mr. Shrair at the address specified on the Policy. In this regard, Ms. Cowens testified that a number of third party entities were responsible for the mailing of such Notices. Cowens Dep. at 80-81. Importantly, Ms. Cowens acknowledged instances when other policyholders contacted Defendant to indicate they failed to receive notices. Id. at 79.

Plaintiffs have rebutted Defendant's allegation that the October 15, 2004 Payment Due Notice was mailed. "While there has long been recognized a presumption that properly mailed articles are received by the addressee, the party wishing the benefit of this presumption must first prove proper mailing." Smith v. Smith, 42 B.R. 927 (D. Mass. 1984). As set forth above, Plaintiffs have demonstrated that certain notices were mailed to Mr. Polep at his residence in violation of the terms and conditions of the Policy. Plaintiffs have adduced evidence that the

October 18, 2004 Premium Payment Notice was not received on a timely basis. Shrair Dep. at 88-90. Affidavit of David A. Shrair at para. 5. Mortimer Polep Dep. at 13,14. The introduction of such evidence rebuts Defendant's allegation that the October 18, 2004 Payment Due Notice was mailed. As such, Plaintiffs rebut any prima facie showing of mailing.

Well-settled Massachusetts caselaw provides that the mailing and the non-receipt of documents by Attorney Shrair, raises a question of fact that is properly decided by a jury. See Anderson v. Billerica, 309 Mass 516 (1941) ("The mailing, postage prepaid...of a properly addressed letter is prima facie evidence of its receipt by the addressee, and when there is evidence that it was not received the question becomes one of fact.") (Emphasis added.); see also Avisais' Case, 285 Mass. 56 (1933) (Whether prima facie evidence is overcome is a question of fact.); Liberty Mutual Ins. Co., 298 Mass. 75 (1937) ("The mail is not infallible, however, and in the face of a statement, supported by affidavit, of counsel in open court that the notice has not been received we are not inclined to assume that the notice was actually received by the insurer even though a like notice was received by the employee."); Hobart-Farrell Plumbing & Heating Co. v. William Klayman & others, 302 Mass. 508 (1939) ("As soon as evidence is introduced that warrants a finding that the letter failed to reach its destination, the artificial compelling force of the *prima facie* evidence disappears, and the evidence of non-delivery has to be weighed against the likelihood that the mail service was efficient in the particular instance, with no artificial weight on either side of the balance...The evidence presented a pure question of fact."); Blunsden v. Marks, 2001 WL 771184 (Mass. Super. 2001) (Quoting Hobart-Farrell Plumbing in its reasoning that the non-receipt of a letter raises a question of fact.); Eveland v. Lawson, 240 Mass 99 (1921) (Plaintiff proves letter was sent and Defendant is unable to prove that it was not received.); Briggs v. Hervey, 130 Mass 186, 188 (1881) (Jury alone has the right to weigh

evidence and decide whether letters are received.); Tobin v. Taintor, 229 Mass 174, 175 (1918) (Notwithstanding testimony of defendant that he did not receive letter, the question was one of fact for the jury.); Huntley v. Whittier, 105 Mass 391, 392 (1870) (Presumption raised by evidence that letter was mailed is not a presumption of fact but a "mere inference of fact". Jury must weigh evidence and decide the question of fact.)

The Kansas and Georgia cases Defendant relies upon are not persuasive whereas Kansas and Georgia state laws are in stark contrast to the law of Massachusetts. The common laws of Kansas and Georgia do not construe whether a letter was properly delivered and received by the recipient to be a question of fact. In Kansas and Georgia, the court only looks to whether the sender mailed the notice. Federal Kemper Life Assurance Co. v. Ellis, 28 F.3d 1033 (10th Cir. 1994); see also Bell v. Patrons Mut. Ins. Assn, 816 P.2d 407 (Kan. App. 1991); Yessick v. Midland Life Ins. Co., 178 F.Supp.2d 1301 (N.C.Ga 2001).

Plaintiffs reliance upon Defendant's agreement to provide Notices pursuant to the Policy sounds in Equitable Estoppel. Massachusetts law recognizes that the "essential factors giving rise to an estoppel are ... (1) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3) Detriment to such person as a consequence of the act or omission." Greenwood v. Martins Bank, Ltd. (1933) A.C. 51, 57, cited with approval in Cleaveland v. Malden Sav. Bank, 291 Mass. 295, 297-298 (1935); Industrial Bankers of Mass. Inc. v. Reid, Murdoch & Co., 297 Mass. 119, 124 (1937); Celluci v. Sun Oil Co., 2 Mass.App.Ct. 722 (1974); Boylston Development Group, Inc. v. 22 Boylston Street Corp., 412 Mass. 531, 542 (1992); Jerome J. Donovan, Third's Case; 58 Mass.App.Ct. 566, 791 N.E.

13902\2\92096                                8

2d. 388. Otherwise stated, "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable." Boston & Albany Railroad v. Reardon, 226 Mass. 286, 291.

The facts alleged in the Plaintiffs' Complaint, along with the documentary evidence before this Court, establish representations or conduct amounting to representations intended to induce the Plaintiffs to enter into a course of conduct in relation to the Policy. In particular, Plaintiffs relied upon Defendant to transmit all Notices to Plaintiffs at its designated address. Plaintiffs relied upon Defendant to send such Notices and acted, accordingly, to their detriment.

## IV.   CONCLUSION

Pursuant to the terms and conditions of the Policy, Defendant had an obligation to transmit all written notices to Plaintiffs at Mr. Shrair's address. Defendant breached such obligation to Plaintiffs on multiple occasions. In its ultimate breach, Defendant failed to give Plaintiffs proper notification of the Policy lapse. In this regard, Plaintiffs have rebutted Defendant's unsupported allegation of transmittal of the October 18, 2004 Payment Due Notice. In light of well-settled Massachusetts caselaw that the purported mailing and the non-receipt of mail is a pure question of fact, Defendant's Motion for Summary Judgment should be denied.

                                      Respectfully submitted,
The Plaintiffs, David A. Shrair and
Anne Polep, Trustees of the
Mortimer Polep Irrevocable Trust

Date: May 3, 2006          By: _____/s/_____
Mark D Mason, Esq.
BBO#: 544936
Cooley, Shrair P.C.
1380 Main Street, 5th Flr.
Springfield, MA 01103
Tel: (413) 735-8040
Fax: (413) 733-3042

## CERTIFICATE OF SERVICE

I, Mark D Mason, Esq. hereby certify that on the 3rd day of May, 2006 I served a copy of the foregoing document via electronic filing to:

Edward S. Rooney, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
One International Place, 18th Flr.
Boston, MA 02110

_____/s/_____
Mark D Mason, Esq.