UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID A. SHRAIR and ANNE POLEP, Trustees of the Mortimer Polep Irrevocable Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>REASSURE AMERICA LIFE INSURANCE COMPANY,<br><br>Defendants | Case No.: 05-30041-MAP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DAVID A. SHRAIR, ESQ.** |

Now come the Plaintiffs in the above-captioned matter and hereby oppose the Defendant's Motion to Strike Portions of the Affidavit of David A. Shrair, Esq. (the "Affidavit") on the grounds that the Affidavit complies with Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) provides that, "affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." The facts established by the Affiant, David Shrair, Esq., are based upon his personal knowledge and are not hearsay. For the reasons set forth below, the Defendant's Motion should be denied.

Defendant, Reassure American Life Insurance Company ("Reassure"), alleges that paragraphs 2, 3, 4 and 5 of the Affidavit relate to acts and circumstances pertaining to Anne Polep and Mortimer Polep, and, therefore, that Attorney Shrair cannot assert such statements based on his personal knowledge. On the contrary, the statements set forth in the Affidavit are born of Attorney Shrair's personal knowledge.

As a Co-Trustee in the instant litigation, Attorney Shrair has personal knowledge as to what action the Trustees of the Mortimer Polep Irrevocable Trust took regarding the Royal Maccabees Mutual Life Insurance Company Insurance Policy Number 4040-220 (the "Policy").

{ 93175.DOC;1}-1-

See *Affidavit of David A. Shrair*. Indeed, proof of personal knowledge may be inferred from the context of the Affiant's relationship to the situation in question. See *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999 (9th Cir. 1990) (Personal knowledge inferred from affiants' positions and nature of their participation in the matter). *See also* Moore's Federal Practice, 3rd edition § 56.14(1)(c).

Paragraph two of the Affidavit states that, "At no time did the Trustees of the Mortimer Polep Irrevocable Trust or Mr. Polep request that a 'suspend code' be placed on Royal Maccabees Mutual Life Insurance Company Insurance Policy Number 4040-220." Attorney Shrair is a Co-Trustee of the subject and Trust and the attorney for Mr. and Mrs. Polep. In this capacity, he is personally aware of the disposition of the Policy and the acts of Mr. and Mrs. Polep regarding the Policy. See *Affidavit of David A. Shrair*. Through Attorney Shrair's dealings directly with Mr. and Mrs. Polep as well with the Defendant and its predecessor, he has personal knowledge that neither the Trustees nor Mr. Polep ever requested that a suspend code be placed on the Policy. *Id.*

Paragraph three of the Policy sets forth that, "At no time did Reassure America Life Insurance Company or its predecessor advise Plaintiffs or Mr. Polep that it had suspended billing or notice transmittal relating to the policy." Attorney Shrair's statement is based on his personal knowledge gleaned from his experience as a Trustee and an attorney regarding the Policy. *Id.* Due to the nature of Attorney Shrair's participation in the matter, he maintains personal knowledge that at no time was he or Mr. Polep advised of a suspended billing or notice transmittal relating to the Policy. *Id.*

Paragraph four of the Affidavit sets forth that, "The Notices Plaintiffs received since 1993 reasonable led Plaintiffs and Mr. Polep to rely upon the ongoing transmittal of Notices to Plaintiffs their detriment." Attorney Shrair maintains personal knowledge that Mr. Polep relied upon notices pursuant to the Policy whereas he and Mrs. Polep, as Co-Trustees, relied on the

receipt of such notices as well. As a result of Attorney Shrair's interaction and relationship with Mr. Polep, he is aware of Mr. Polep's similar reliance on the receipt of such notices. *Id.* Attorney Shrair's personal knowledge can be proved by the context of his relationship with Mr. and Mrs. Polep as well as his dealings with Reassure. Further, based on conversations Attorney Shrair had with Mr. and Mrs. Polep as Co-Trustee and as their attorney, he is aware of their reliance on the ongoing transmittal of Notices. *Id.* See also *Perez v. Volvo Car Corporation*, 247 F.3d 303 (1st Cir. 2001) (Court generally allows personal knowledge to be based on conversations or meetings with outside parties).

Paragraph five of the Affidavit sets forth that, "Neither I nor Mr. or Mrs. Polep received the October 18, 2004 Payment Due Notice until November 24, 2004." All notices and other information regarding the policy were to have been sent directly to Attorney Shrair at his office. As such, Attorney Shrair has personal knowledge that the October 18, 2004 Payment Due Notice was not received until November 24, 2004. The statements set forth in the Affidavit are not based on Attorney Shrair's belief relative to Mr. and Mrs. Polep's state of mind nor are they based upon hearsay. Such statements are based upon the direct dealings Attorney Shrair had with Mr. and Mrs. Polep and with the Defendant pursuant to the terms and conditions of the Policy. See *Affidavit of David A. Shrair*.

The facts set forth in the Affidavit are founded upon the personal knowledge of Attorney Shrair. Such personal knowledge is gained from Attorney Shrair's dealings with the Defendant and its predecessor as well as Mortimer and Anne Polep. Further, such personal knowledge may be inferred from the context of Attorney Shrair's relationship to the Policy as well as the nature of his participation in this matter.

For the foregoing reasons, the Plaintiff respectfully requests that the Defendant's Motion be denied.

                                                  Respectfully submitted,
                                                  The Plaintiffs, David A. Shrair and
                                                  Anne Polep, Trustees of the
                                                  Mortimer Polep Irrevocable Trust

Date: June 7, 2006

                                        By:          /s/
                                                   Mark D. Mason, Esq.
                                                   Cooley, Shrair P.C.
                                                   1380 Main Street, 5th FL
                                                   SPringfield, MA 01103
                                                   BBO #544936
                                                   Tel: (413) 781-0750
                                                   Fax: (413) 733-3042


## CERTIFICATE OF SERVICE

I, Mark D Mason, Esq. hereby certify that on the 7th day of June, 2006 I served a copy of the foregoing document via electronic filing to:

                        Edward S. Rooney, Esq.
                  Eckert, Seamans, Cherin & Mellott, LLC
                  One International Place, 18th Flr.
                            Boston, MA 02110

                                                       /s/
                                                   Mark D Mason, Esq.

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID A. SHRAIR and ANNE POLEP,, Trustees of the Mortimer Polep Irrevocable, Trust,<br><br>    Plaintiffs,<br><br>vs.<br><br>REASSURE AMERICA LIFE INSURANCE, COMPANY,<br><br>    Defendant | Case No.: 05-30041-MAP<br><br>**AFFIDAVIT OF DAVID A. SHRAIR, ESQ.** |

I, David A. Shrair, Esquire do hereby affirm and state as follows:

1. I am one Co-Trustee of the Mortimer Polep Irrevocable Trust (the "Trust").

2. At all times relevant hereto, I have served as counsel for Mortimer and Anne Polep.

3. In my capacity as Co-Trustee and attorney to Mr. and Mrs. Polep, I am personally aware of the disposition of the Royal Maccabees Mutual Life Insurance Company Insurance Policy Number 4040-220 (the "Policy") and the acts of my clients in relation to the Policy.

4. The statements set forth in "The Affidavit of David A. Shrair, Esq." dated May 3, 2006, are based upon my personal knowledge which I have gained through my relationship to and interaction with the Trust, the Policy, and my clients, Mortimer and Anne Polep.

Signed and sealed under the pains and penalties of perjury this 7th day of June, 2006.

                                                          /s/
                                          David A. Shrair, Esq.