UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30041-MAP

| | |
|---|---|
| DAVID A. SHRAIR and ) <br> ANNE POLEP, Co-Trustees of the ) <br> Mortimer Polep Irrevocable Trust, ) <br>     Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> REASSURE AMERICA ) <br> LIFE INSURANCE COMPANY, ) <br>     Defendant ) | **JOINT PRE-TRIAL MEMORANDUM** |

In accordance with the Court's Procedural Order dated November 1, 2006, and in anticipation of the final pre-trial conference scheduled for December 18, 2006, the parties herewith submit their Joint Pre-Trial Memorandum.

**1.     Concise Statement of the Evidence**

    **a.     Plaintiffs' Statement**

Plaintiffs, David A. Shrair and Anne Polep, Co-trustees of the Mortimer Polep Irrevocable Trust, bring this action against Defendant(s), Reassure America Life Insurance Company for Breach of Contract (Count I), Fraud and Deceit (Count II), Negligent Misrepresentation (Count III), Innocent Misrepresentation (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Violations of 211 CMR 95.13 (Count VI) and Violations of Massachusetts General Laws Chapter 93A §§ 2, 9 (Count VII) stemming from the Defendant's termination of life insurance policy (hereinafter referred to as the "Policy") owned by and for the benefit of David A. Shrair and Anne Polep, Trustees of the Mortimer Polep Irrevocable Trust ( hereinafter referred to as the "Trust").

Plaintiffs maintain that the evidence will show that on or about June 17, 1985, the Trust entered into an agreement with Royal Maccabees Life Insurance Company (hereinafter referred to as "Royal"), for a life insurance Policy, number 04040220 (hereinafter referred to as the "Policy"), in the amount of One Million Dollars ($1,000,000.00) insuring the life of Mortimer Polep.  On or about June 17, 1985 the policy was assigned to the Defendant, Reassure America Life Insurance Company (hereinafter referred to as  "Reassure").

The terms of the Policy called for all notices issued by the insurer to be mailed to the Trust c/o David A. Shrair 1380 Main Street, 5th Floor, Springfield, MA 01103.  At no time did Plaintiffs, Mr. Polep or anyone on Mr. Polep's behalf request that the transmittal of notices pursuant to the Policy cease.  At no time did Defendant or its predecessor advise Plaintiffs or Mr. Polep that it had suspended billing or Payment Due Notice transmittal relating to the Policy.  In this regard, the Notices Plaintiffs received since 1993 reasonably lead Plaintiffs to rely upon the ongoing transmittal of Notices to Plaintiffs to their detriment.

All Notices pursuant to the Policy, including but not limited to Payment Due Notices and Premium Notices, were not sent to Attorney David A. Shrair, 1380 Main Street, Springfield, MA 01103.  Indeed, Defendant is unable to establish whether Premium Payment Notices relating to the Policy were transmitted during the period 1993 – 2004.

Neither Plaintiffs nor Mr. Polep received Defendant's October 18, 2004 Payment Due Notice; Plaintiffs maintain Defendant did not transmit the October 18, 2004 Payment Due Notice to Plaintiffs at the Trust's address pursuant to the terms and conditions of the Policy. Further, Defendant is unable to establish that the June 17, 2004 Annual Report, June 17, 2004 Payment Due Notice and October 18, 2004 Payment Due Notice were mailed to Plaintiffs or to Mr. Polep.

On or about November 17, 2004, the Defendant, Reassure, transmitted a Notice of Policy Termination to the Trust at the above-specified address. In its Notice, the Defendant stated that it had sent a previous Notice to the Trust regarding the impending termination of the Policy. The Plaintiffs maintain that they did not receive any such Notice, and that the Notice sent November 17, 2004 was the first Notice received relating to such termination. The November 17, 2004 Notice purports to have terminated the Policy. On or about November 29, 2004, the Plaintiffs transmitted a letter pursuant to M.G.L. ch. 93A §§ 2, 9 demanding that the Defendant reinstate the Policy without evidence of insurability. The Defendant refused to reinstate the Policy and has failed to tender a reasonable offer of settlement within thirty (30) days of receiving Plaintiff's M.G.L. ch. 93A demand letter.

   b. **Defendant's Statement**

Defendant Reassure America Life Insurance Company ("Reassure") believes that the evidence will show the following. On June 17, 1985, Royal Maccabees Life Insurance Company issued a "Flexible Premium Adjustable Life Insurance Policy," with a death benefit of $1,000,000.00, insuring the life of Mortimer A. Polep ("the Policy"). Effective October 1, 1999, the name of the insurer of the Policy was changed from Royal Maccabees to the defendant, Reassure America Life Insurance Company. The owners of the Policy were to be the Trustees of the Mortimer Polep Irrevocable Trust (hereinafter "the Trust"). The original trustees of the Trust, as designated in the application for the policy, were Charles Polep and David Shrair. Anne Polep was later substituted as a trustee in place of Charles Polep, but David Shrair remained as a trustee.

As set forth in the terms of the "Flexible Premium Adjustable Life Insurance Policy", all payments to the policy are deposited into an Accumulation Account. The cost of insurance

(which increases yearly as the Insured's age increases) and the expense charges are deducted monthly on the "Monthly Deduction Day" from the Accumulation Account, which earns interest. When the "Planned Periodic Premium Payments" and interest accumulations are not adequate to pay the cost of insurance charges and policy expenses, the Accumulation Account (also referred to as the "cash value") is reduced by the net amount still due. The policy lapses when the cash surrender value is not sufficient to pay a monthly deduction and sufficient monies are not remitted during the contractual grace period. This type of policy allows the policy owner, at the time the policy is issued, to determine the amount and frequency of the initial payment and the planned periodic premium payment. This type of policy also allows the policy owner to make payments in whatever amount, and at whatever time, that he chooses so long as there is sufficient value to cover the monthly deductions.

The annual "Planned Periodic Premium Payment" for the Policy, as selected by the policy owner, was $23,213.00. The Policy maintained a positive cash value and monthly deductions were paid from the Accumulation Account until June, 2004. On June 17, 2004, when the Policy's monthly deduction became due, the Policy's "Accumulation Value" was negative (-229.41), which meant that the Accumulation Account was not sufficient to pay the monthly deduction and a payment by the policyholder was necessary. On June 17, 2004, Reassure sent a written statement to the owners of the Policy, David Shrair and Anne Polep, Trustees, at their address of record – 1380 Main Street, Springfield, MA 01103 – which stated that 1) the accumulation value of the Policy was -229.41, and 2) if no further payments were received, the Policy would have insufficient value to remain in force. On the same date, Reassure also sent a written "Payment Due Notice" to the Trustees at the same address of record, which stated: "Our records indicate that your policy has entered the grace period and

is in danger of lapsing. In order to keep your valuable coverage in force, please send a remittance of $6,548.55 within 21 days from the date of this letter." This letter was apparently received by the Trustees, as Reassure thereafter received a timely check, within the Policy's grace period, in the amount of $6,548.55 to pay the amount due and to keep the policy in force.

In September, 2004, the Policy's cash value was again insufficient to pay the deduction and the Policy was again in danger of lapsing. On October 18, 2004, Reassure mailed another "Payment Due Notice" to David Shrair and Anne Polep, Trustees, at the same address of record – 1380 Main Street, Springfield, MA 01103. As before, this notice again advised the Trustees that the Policy had again entered the grace period and was in danger of lapsing and that a payment of $12,660.88 within 21 days was necessary in order to keep the coverage in force. This letter was correctly addressed, as was all earlier correspondence to the Trustees, and was presumably received, as was the earlier correspondence. However, no further payments were received and the Policy lapsed without value on November 17, 2004.

On November 17, 2004, a "Notice of Policy Termination" was sent to the Trustees which advised them that the Policy had terminated due to insufficient cash value to cover the cost of insurance and expenses. This written notice was sent to the Trustees at the same address as the earlier correspondence – 1380 Main Street, Springfield, MA 01103. This letter was in fact received by Trustee David Shrair, as he responded to it by a phone call to Reassure on November 24, 2004 and a letter to Reassure on November 29, 2004. Mr. Shrair requested that the policy be reinstated immediately without evidence of Mr. Polep's insurability. Thereafter, on December 30, 2004, Reassure responded and denied the request for reinstatement without evidence of insurability.

In 2005, Mr. Polep submitted an application to have the Policy reinstated. On April 14, 2005, Reassure denied the application based on the medical information provided by Mr. Polep's attending physician.

**2. Statement of Facts Established by the Pleadings, by Admissions or by Stipulation**

The following essential facts are established by the pleadings or by stipulation:

1. On June 17, 1985, Maccabees Mutual Life Insurance Company issued a life insurance policy number 4040-220 in the amount of One Million ($1,000,000.00) dollars on the life of Mortimer Polep ("the Policy").

2. As requested in the application for the Policy, the owners and beneficiaries of the Policy were the Trustees of the Mortimer Polep Irrevocable Trust (hereinafter "the Trust"), and the type of policy requested was a flexible premium adjustable life insurance policy.

3. As also requested in the application, all notices on the Policy were to be sent to Atty. David A. Shrair, Trustee, Re: Mortimer A. Polep, 1380 Main Street, Springfield, Mass 01103.

4. Maccabees Mutual Life Insurance Company later changed its name to Royal Maccabees Life Insurance Company. Effective October 1, 1999, Royal Maccabees Life Insurance Company merged with Reassure America Life Insurance Company and the name of the insurer of the Policy was changed to Reassure, but otherwise, all of the provisions of the Policy and all of the rights and obligations under the Policy remained the same.

5. On or about November 17, 2004, Reassure transmitted a document entitled "Notice of Policy Termination" to the Trust, c/o David A, Shrair, 1380 Main Street, Springfield, Massachusetts 01103. The notice stated: "We regret to advise you that this policy has terminated due to insufficient cash value to cover the cost of insurance and

expenses."

6.      On November 29, 2004, Mr. Shrair sent a letter to Reassure, stating that the letter "is being written to you in connection with your Notice of Policy Termination dated November 17, 2004." Mr. Shrair further stated that "we never received the letter that your company purportedly sent on October 17, 2004, which was allegedly a payment due notice." Mr. Shrair requested that the policy be reinstated immediately without evidence of Mr. Polep's insurability.

7.      On December 30, 2004, Reassure's Assistant Vice President Joan Olson responded to Mr. Shrair's letter. The letter was addressed to attorney Mark Mason of the Cooley, Shrair law firm at Attorney Mason's request. Ms. Olson's letter advised Attorney Mason concerning the mechanics of how premiums are paid on a flexible premium adjustable life insurance policy and the specific premium payment history on the Policy. With respect to the October 18, 2004 notice that Mr. Shrair said he had not received, Ms. Olson responded that it had been mailed to the Trustees' address of record. Ms. Olson advised that the Policy could be reinstated provided that satisfactory evidence of Mr. Polep's insurability was provided.

8.      In 2005, Reassure received an application for reinstatement of the Policy. On April 14, 2005, after conducting an underwriting review, Reassure notified Mr. Shrair that the application was being denied based on medical information obtained from Mr. Polep's attending physician.

9.      Mr. Polep died on February 19, 2006.

**3.  Contested Issues of Fact**

1.      Whether a "Payment Due Notice" of a premium sufficient to cover the monthly

expense charge on Mortimer Polep's policy was mailed to the address of record for the policy on or about October 18, 2004?

**4. Jurisdictional Questions**

None.

**5. Questions Raised by Pending Motions**

No motions are pending at the present time.

**6. Issues of Law**

    1.    Whether Reassure satisfies its contractual obligation to give notice, as required by the "Grace Period" provision, if it provides evidence that the notice was mailed, without regard to whether the notice was actually received or not?

    2.    Whether plaintiffs are estopped from relying upon the contractual provisions of the policy concerning notice of premiums being due if they had actual knowledge that a payment was in fact due in September, 2004?

**7. Requested Amendments to the Pleadings**

None.

**8. Additional Matters to Aid in the Disposition of the Case**

None.

**9. Probable Length of Trial and Whether Jury or Non-Jury**

Plaintiffs have a claimed a trial by jury. Estimated length of trial – 3 days.

**10. List of Potential Witnesses**

    1.    David A. Shrair
            Springfield, MA

    2.    Anne Polep
            Longmeadow, MA

    3.    Jeffrey Polep
           Hampden, MA

    4.    Lori Polep
           Longmeadow, MA

    5.    Desiree Demos
           Agawam, MA

    6.    James D. Aronson
           Springfield, MA

    7.    J. Rockwell Allen
           East Granby, CT

    8.    Barbara Cowens
           Reassure America
           Dallas, TX

**11. List of Potential Exhibits**

    Maccabees Policy No. 4040-220 insuring Mortimer Polep

    Payment Notice-Due Date – 6/17/02 (w/facsimile notation)

    6/5/02 letter to Reassure from Shrair (2 copies)

    7/30/02 letter to Shrair from Reassure (2 copies)

    Payment Due Notice – June 17, 2004 (w/facsimile notation)

    Payment Due Notice – June 17, 2004 (w/o facsimile notation)

    Payment Due Notice – June 17, 2004 (w/Aronson handwriting)

    Annual Report, 6/18/03 through 6/17/04 (REASSURE 104)

    Check-Fleet Bank, Mortimer A. Polep, 7/16/04 - $6,548.55 (2 copies)

    Express Mail envelope, 7/16/04 (REASSURE 102)

    7/24/04 letter to Shrair from Aronson

Reproposals (4) of Projected Values and Benefits for Mortimer Polep, 7/17/04

Aronson's handwritten notes, 7/21/04

Printout, 7/22/04 (REASSURE 097)

8/5/04 letter to Mortimer Polep from Shrair with first page of 7/24/04 letter to Shrair from Aronson

8/26/04 letter to Mortimer Polep from Shrair (w/o enclosure

Payment Due Notice – October 18, 2004 (2 copies)

Notice of Policy Termination – November 17, 2004 (2 copies)

Facsimile cover sheet to Shrair from Allen, 11/22/04

Authorization letter to Reassure from Allen with signatures

11/23/04 letter to Reassure from Allen

Fax cover sheet to Allen from Reassure, 11/30/04

11/29/04 letter to Reassure from Shrair (2 copies)

12/1/04 letter to Allen from Lori Polep

12/16/04 letter to Shrair from Reassure

12/30/04 letter to Shrair from Reassure with enclosures (REASSURE 047-057)

Deposition Transcript of Mortimer Polep

June 3, 1993 letter to Michael Bader from Hillard Aronson, Esq. with enclosure (Payment Due Notice with handwriting)

Maccabees Policy Holder Statement for June 17, 1999 – June 17, 2000 (Reassure 113)

June 21, 2000 letter to David Shrair and Anne Polep, Trustees from Maccabees (Reassure 111)

Envelope post marked June 21, 2000 (Reassure 112)

July 30, 1999 letter to Mortimer A. Polep from Royal and Sun Alliance (Reassure 114)

Envelope from J. Polep Distribution Services to Royal and Sun Alliance post marked August 4, 1999 (Reassure 115)

Royal and Son Alliance Payment Due Notice marked received June 16, 1999 (Reassure 116)

Envelope post marked June 11, 1999 from Mortimer Polep (Reassure 118)

Maccabees Payment Due Notice date due June 17, 1999 with handwriting (Reassure 117)

Maccabees Payment Due Notice marked received June 17, 1997 with handwriting (Reassure 120)

Maccabees stub marked due date June 17, 1997 (Reassure 122)

Envelope from Mortimer Polep post marked June 12, 1997 (Reassure 123)

Maccabees Policy Value Projections as of July 17, 1996 with handwriting (Reassure 125)

Envelope marked July 9, 1996 from Mr. and Mrs. Polep to Royal and Sun Alliance (Reassure 126)

Payment Due Notice marked received June 16, 1999 with handwriting (Reassure 155)

Clients' Services Telephone Inquiry dated October 17, 1991 (Reassure 152)

October 18, 1991 letter to Michael Bader from Maccabees (Reassure 151)

June 17, 1996 letter to Mortimer A. Polep from Maccabees with handwriting (Reassure 127)

June 4, (no year) Clients' Services Telephone Inquiry with handwriting (Reassure 128)

Payment Due Notice – June 17, 2004 (with facsimile notation "5670469")

Payment Due Notice – June 17, 2002 (with facsimile notation "5670469")

Policy Value Projections, 7/17/98  [Shrair Dep. Ex. 4I]

Annual Policy Summary, 6/16/98 [Shrair Ex. 4J]

Policyholder Annual Report, 6/17/99  [Shrair Dep. Ex. 4K]

Royal & SunAlliance undated letter "In the fall of 1996,…" [Shriar Dep. Ex. 4L]

Annual Policy Summary, 6/16/94  [Shriar Dep. Ex. 4M]

Policy Value Projections as of 7/17/94  [Shrair Dep. Ex. 4N]

Policyholder Annuak Report, 6/17/99 (4 pages) [Shrair Dep. Ex. 8]

Annual Report, 6/17/02  [Shrair Dep. Ex. 9]

Policy Value Projections as of 7/17/98  [Shrair Dep. Ex. 11]

11/29/04 letter from Shrair to Allen  [Shrair Dep. Ex. 13]

Policyholder Statement, June 17, 2001  [REASSURE 110]

7/16/98 letter from Royal & SunAllianceto Shrair  [REASSURE 119]

Payment stub, 6/17/97  [REASSURE 124]

6/10/93 Facsimile Cover Sheet  [Reassure 140]

Policy Value Projections as of 6/17/93  [REASSURE 142]

Summary of Policy, 6/16/91  [REASSURE 153]

"Direct First Notice", etc.  (3 pages)  [REASSURE 197-99]

| | |
|---|---|
| THE PLAINTIFFS,<br>DAVID A. SHRAIR &<br>ANNE POLEP,<br>TRUSTEES OF THE MORTIMER POLEP<br>IRREVOCABLE TRUST | THE DEFENDANT,<br>REASSURE AMERICA LIFE<br>INSURANCE COMPANY |
| BY:_____/s/_____<br>    Mark D Mason, Esq.<br>    Cooley, Shrair P.C.<br>    1380 Main Street, 5th Floor<br>    Springfield, MA 01103<br>    Tel.: (413) 781-0750<br>    BBO# 544936 | BY:_____/s/_____<br>    Edward S. Rooney, Jr., Esq.<br>    Eckert, Seamans, Cherin<br>    & Mellot, LLC<br>    One International Place, 18th Floor<br>    Boston, MA 02110<br>    Tel.: (617) 342-6863<br>    BBO# 426840 |

13902\2\100835